Robinson, J.
 

 The question here presented involves the interpretation of the exception provided in Section 5334, General Code, to the application of the succession- tax provided in Section 5332, General Code. The portions of those sections applicable here are:
 

 “Section 5332. A tax is hereby levied upon the succession to any property passing, in trust or otherwise, to or for the use of a person, institution or- corporation, in the following cases:
 

 “1. When the succession is by will # * * from a person who was a resident of this state at the time of his death. ’ ’
 

 “Section 5334. The succession to any property passing * * * to or for the use of an institution for purposes only of public charity,
 
 * * *
 
 
 *448
 
 shall not be subject to the provisions of the preceding sections of this subdivision.”
 

 The first question which presents itself is whether the bequest is “for purposes only of public charity. ’ ’
 

 That it was the purpose of the testator that that portion of his estate here under consideration should ultimately be distributed as a charity, or at least substantially as a charity, cannot be controverted. Neither can it be controverted that it was the purpose of the testator that such portion of his estate was to be used for the period of not less than 50, nor more than 60, years exclusively in a commercial way and for profit. He expressly charged the trustee with the duty to invest, reinvest, compound, and accumulate at interest, for a period of not less than 50 years, the whole of the estate devised and bequeathed to such trustee. The duty of the trustee during such period, instead of being a duty to dispense a charity, is a duty to take the estate as .a nucleus, and, through the channels of commerce, to earn and accumulate, by such employment of the estate, an estate many times the value of the estate devised, it being estimated that the estate of approximately $600,000 will in that period earn and so multiply itself that at the expiration thereof it will amount to many millions of dollars. Hoes such exclusive employment of an estate for so long a period constitute a use of such estate “for purposes only of public charity?” Was it not as much the purpose of the testator to charge the trustee with the duty of investing, reinvesting, compounding, and accumulating at interest the estate, so that it might mul
 
 *449
 
 tiply itself from a comparatively small estate into a comparatively large estate, as it was the purpose to charge the trustee with the duty ultimately to dispense such estate, as so multiplied, as a charity?
 

 Did the Legislature, when it exempted estates “to or for the use of an institution for purposes only of public charity” from liability to the succession tax, intend to include in such exemption estates that are to be employed for so long a period in the ordinary channels of commerce for profit in earning and accumulating a great fund simply because such fund is ultimately, in some distant generation, to be dispensed as a charity? It would seem that, by the use of the word “only,” the Legislature had in mind the exclusion from the exception of just such estates as this; that it did not purpose to exempt from the succession tax estates that were to be employed partially for charity and partially for purposes other than charity.
 

 We therefore hold that the bequest of an estate to a trustee, to be employed exclusively by such trustee for a period of from 50 to 60 years, for profit, and for the multiplication of the estate, is not a bequest for purposes
 
 only
 
 of public charity.
 

 There is another reason why in our opinion this bequest does not come within the exemption of Section 5334, General Code, from the payment of the succession tax imposed by Section 5332, General Code. Long prior to the ena.ctm.ent of the statute here under consideration, in the case of
 
 Morning Star Lodge, No. 26, 1. O. O. F.
 
 v.
 
 Hayslip, Treas.,
 
 23 Ohio St., 144, this court declared:
 

 “A charitable or benevolent association which extends relief only to its own sick and needy mem
 
 *450
 
 bers, and to the widows and orphans of its deceased members, is not ‘ an institution of purely public charity;’ and its moneys held and invested for the aforesaid purposes are not exempt from taxation.”
 

 We áre unable to draw a distinction between the phrase of Section 5334, General Code, “an institution for purposes only.of public charity,” and the phrase of Section 2, Article XII, of the Ohio Constitution of -1851, “institutions of purely public charity.”
 

 The Legislature is presumed to .know the decisions of this court, and, where it uses words or phrases th#t have been defined or construed by this court, it is presumed to have used them in the sense that they have been so defined or construed; and in the use of the phrase “institution for purposes only of public charity,” found in Section 5334, General Code, the Legislature is presumed to have used it in the sense that this court had theretofore construed a phrase substantially the same.
 

 In view, therefore, of the fact that, before the Legislature used the phrase “an institution for purposes only of public charity,” in Section 5334, General Code, this court had held that charities dispensed by a fraternal lodge only to its members did not constitute it “an institution of purely public charity,” this court could not now give to substantially the same phrase a different construction without itself invading the field of legislation.
 

 The fact that this charity is, under certain contingencies, available to a second class, to wit, superannuated ministers, does not differentiate it from charities available only to a single class, since it excludes all of the public that .does not fall within either of the two classes.
 

 
 *451
 
 While it is true that master Masons, their wives, widows, and dependent orphans, and superannuated clergymen, are all members of the public, it is equally true that the public are not all members of such classes.
 

 The judgment of the Court .of Appeals 'and the judgment of the court of common pleas are reversed, and this cause will be remanded to the court of common pleas for further proceedings in accordance herewith. •
 

 -Judgment reversed.
 

 Allen, Jones and Matthias, JJ., concur.
 

 Marshall, C. J., and Day, J., dissent.
 

 Kinkade, J., not participating.