In re Estate of Weld: The Salvation Army, Appellant, *v.* Evatt, Tax Commr., Appellee.

(No. 3478—Decided April 22, 1942.)

*Messrs. Griswold, Leeper, Miller & Corry,* for appellant.

*Mr. Thomas J. Herbert,* attorney general, *Mr. Aubrey A. Wendt* and *Mr. David K. Larrimer,* for appellee.

Stevens, J. The will of William N. Weld, formerly a resident of Richfield, Summit county, Ohio, contained the following provision:

"Item IX—All the rest and residue of my estate of every kind and description and wheresoever situate, of which I die seized or entitled, or over which I have the right of testamentary disposition, I give, devise, and

bequeath in equal shares to the Young Women's Christian Association, of Cleveland, Ohio, the Young Women's Christian Association, of Toledo, Ohio, the Salvation Army of Cleveland, Ohio, and the American Red Cross.''

Said will was duly admitted to probate by the Probate Court of Summit county, Ohio.

Upon application to determine inheritance tax, the court determined that the succession of the Salvation Army was subject to the payment of inheritance tax. Exceptions to that ruling were taken, and upon hearing upon the exceptions the Probate Court adhered to its former ruling.

Appeal on questions of law ensued.

It is conceded that the bequest to the exceptor is a general bequest, not limited solely to charitable uses, and that a substantial part of the activities of the Salvation Army is carried on within this state.

The record of the proceedings contains the purpose clause of the articles of incorporation of the Salvation Army, as well as the statement made for the purpose of acquiring a license certificate to operate in Ohio.

Both of those instruments show that the general intent of the corporation is to carry out religious *and* charitable purposes.

The evidence further shows that the corporation as originally conceived was to operate along religious lines alone, but that circumstances required a modification and broadening of that aim so as to include charitable endeavors.

Section 5334, General Code, provides:

''The succession to any property passing * * * to or for the use of an institution for purposes only of public charity, carried on in whole or in substantial part within this state, shall not be subject to the pro-

visions of the preceding sections of this subdivision of this chapter. * * *''

It is contended by the appellant that the provisions of the above section of the statute, wherein institutions ''for purposes only of public charity'' are exempted from the payment of succession tax, are sufficiently broad to contemplate the religious activities of the Salvation Army.

In approaching a determination of the question here presented, it must be borne in mind that it is a rule of statutory construction that statutes exempting certain legacies from the payment of inheritance tax must be strictly construed.

''To be exempt from an inheritance tax, a legacy must come within the strict letter of the statutory enactments.'' *Tax Commission* v. *Paxson, Admr.,* 118 Ohio St., 36, 160 N. E., 468, citing *In re Rudge's Estate,* 114 Neb., 335, 207 N. W., 520. See, also, *In re Estate of Taylor,* 139 Ohio St., 417, 40 N. E. (2d), 936.

Does the legacy under consideration come within the strict letter of the statutory enactment?

The statute provides ''for purposes only of public charity.''

The word ''only'' is defined in Webster's New International Dictionary, Second Edition, as follows:

''1. No or nothing more or other than; for no other purpose, at no other time, in no other wise, etc., than; exclusively; solely; merely; as, *only* this remained * * * .''

If the synonym ''exclusively'' be substituted in the statute for the word ''only,'' the meaning of the statute at once becomes apparent.

If the legatee is engaged in other than exclusively charitable purposes, it is not entitled to the exemption claimed. *East Cleveland Post* v. *Board of Tax Appeals,* 139 Ohio St., 554, 41 N. E. (2d), 242.

The evidence, and the concessions of counsel, are such that we cannot escape the conclusion that the legatee is engaged, partly at least, in the carrying out of religious purposes; and, commendable though such activities be, such purpose places the appellant outside the scope of the language of the statute, when the language is strictly construed.

We hold that the wording of the statute is such as does not permit acceptance of appellant's claim that religious purposes are included within the term "public charity."

Such being our conclusion, the judgment of the Probate Court must be affirmed.

*Judgment affirmed.*

DOYLE, P. J., and WASHBURN, J., concur.