In re Estate of Salisbury.

(No. 4520—Decided March 26, 1951.)

*Mr. Harley A. Watkins,* for appellee.

*Mr. C. William O'Neill,* attorney general, and *Mr. Robert E. Leach,* for appellant.

Fess, J.   The state of Ohio appeals on questions of law from an order of the Probate Court finding a bequest to an endowment fund of a church exempt from the Ohio inheritance tax.

Under the provisions of item III of the first codicil of the will, one-third of the residue of the testator's estate was bequeathed as follows:

"To the Endowment Fund of The First Congregational Church of Toledo, Ohio, in perpetuity, the annual income therefrom to be annually appropriated, expended and used solely for the charitable purposes of said institution."

Item IV of the testator's will had previously bequeathed one-half of the residue to The First Congregational Church of Toledo, Ohio, without limitation, restriction, or further designation of use or purpose. The value of the one-third of the remainder bequeathed by the first codicil was, for inheritance tax purposes, determined to be $6,270.88. There were a number of other bequests in the will and first codicil to individuals and institutions, but the bequest to the endowment fund of The First Congregational Church of Toledo is the only one involved in the exceptions of the Department of Taxation on this appeal, and was the only one involved in the hearing in the Probate Court.

The exceptions of the Department of Taxation to the determination of inheritance tax by the Probate Court were submitted to the Probate Court upon an oral stipulation between counsel for the Department of Taxation and counsel for the estate. The oral stipulation is set forth in full in the journal entry filed in the Probate Court overruling the exceptions and finding that the succession in question was exempt from inheritance tax under Section 5334, General Code, as property passing to and for the use of an institution for purposes only of public charity carried on in substantial part within the state of Ohio.

The pertinent part of the stipulation, as set forth in the journal entry, is as follows:

"* * * that said The First Congregational Church of Toledo, Ohio, is a corporation duly organized and existing under and by virtue of the laws of the state of Ohio and having its place of business in the city of Toledo, Lucas county, Ohio, and that substantially all of its activities are carried on within the state of Ohio; that said The First Congregational Church of Toledo, Ohio has for many years past and still continues to carry on activities and benevolences consisting of pub-

lic charity, such as aid to certain colleges within and without the state of Ohio, sponsoring of local boy scout troop and of local girls' clubs and offering relief and reconstruction to the resident needy and giving financial assistance for the work of the Toledo Council of Churches, Toledo, Ohio; that said activities are carried on without respect to the beneficiaries and participants being members of either The First Congregational Church of Toledo, Ohio, or without respect to the beneficiaries being members of any Congregational Church, and irrespective of church affiliation; that Dora B. Salisbury, testator, had been a member of said church for many years and had been a regular and consistent contributory to the benevolences of said church and to the general budget of said church.''

The court further found, as set forth in the journal entry, as follows:

''* * * that it was the intention of said testator that the annual income of said fund bequeathed by testator's will to said church endowment fund should be annually appropriated, expended and used solely for the public charitable purposes of said church and for no other purposes, and that it would be a violation of said bequest to use the same for any other purpose, that the 'said institution' referred to in said above quoted part of said item III of said codicil is The First Congregational Church of Toledo, Ohio, and not the 'endowment fund' therein named, and that such was the intention of said testator; and, that said bequest qualifies for exemption from inheritance tax under and by virtue of Section 5334, General Code of Ohio, as being property passing to and for the use of an institution (The First Congregational Church of Toledo, Ohio) for purposes only of public charity carried on within the state of Ohio; and, that said exceptions are not well taken and should be overruled.''

The pertinent portion of Section 5334, General Code, relating to exemptions, provides:

"The succession to any property passing * * * to or for the use of an institution for purposes only of public charity, carried on in whole or in substantial part within this state, * * * shall not be subject to the provisions of the preceding sections of this subdivision of this chapter * * *."

At the outset we are confronted with the rule that one seeking to have property exempted from taxation has the burden of showing that such property comes squarely within the exemption provisions of the organic law or a valid statute. *Tax Commission* v. *Paxson, Admr.,* 118 Ohio St., 36, 160 N. E., 468; *In Re Estate of Taylor,* 139 Ohio St., 417, 40 N. E. (2d), 936; *Crown Hill Cemetery Assn.* v. *Evatt, Tax Commr.,* 143 Ohio St., 399, 55 N. E. (2d), 660; *Welfare Federation of Cleveland* v. *Glander, Tax Commr.,* 146 Ohio St., 146, 64 N. E. (2d), 813; *Battelle Memorial Institute* v. *Dunn, Aud.,* 148 Ohio St., 53, 73 N. E. (2d), 88; *Cleveland Osteopathic Hospital* v. *Zangerle, Aud.,* 153 Ohio St., 222, 91 N. E. (2d), 261.

The claim of exemption "must rest upon language in regard to which there can be no doubt as to the meaning, and the exemption must be granted in terms too plain to be mistaken." *Tax Commission* v. *Paxson, Admr., supra,* at page 41.

Is the conclusion of law that the bequest is exempt from inheritance tax supported by the conclusions of fact set forth in the journal entry? In reaching that conclusion the Probate Court construed the terms of the bequest and found that it was the intention of the testator that the income of the fund should be used solely for the public charitable purposes of the church, thereby reading into the bequest the word, "public," and thereby limiting the bequest for charitable purposes to public charitable purposes.

When a gift by will is made in unambiguous language which, by legal construction, has been accorded a definite and settled meaning, parol evidence is not admissible to show that the language used does not express the testator's true intent. *Townsend's Executors* v. *Townsend,* 25 Ohio St., 477; *Foster* v. *Clifford, Exr.,* 87 Ohio St., 294, 101 N. E., 269, Ann. Cas. 1915B, 65; *Sommers* v. *Doersam,* 115 Ohio St., 139, 152 N. E., 387; *Steinbrenner* v. *Dreher,* 140 Ohio St., 305, 310, 43 N. E. (2d), 283.

The language employed by the testator does not require construction because it is plain and unambiguous. We are required, however, to determine the meaning of the word, "charitable." Appellant contends that the word, "charitable," embraces so-called private charity and relies upon the following authorities:

*Tax Commission* v. *Paxson, Admr.* (1928), *supra*, involving succession tax on a trust wherein the trustees were to be the sole judges as to the persons entitled to the benefits of the fund.

*Tax Commission* v. *Security Sav. Bk. & Tr. Co.,* 117 Ohio St., 443, 159 N. E., 570, involving taxability of a trust created for the purpose of dispensing charity only to aged Master Masons or superannuated clergymen.

*Morning Star Lodge, No. 26, I. O. O. F.,* v. *Hayslip, Treas.,* 23 Ohio St., 144, involving taxation of lodge funds held for relief to a limited class of persons.

*Cleveland Trust Co., Exr.,* v. *Tax Commission,* 33 Ohio App., 323, 169 N. E., 579, involving succession tax where, under the terms of a will, a fund might be given to a so-called private charity.

*In re Estate of Weld,* 71 Ohio App., 497, 50 N. E. (2d), 275, where a gift to the Salvation Army was taxed because it could be used for religious as well as charitable purposes.

In those cases the court looked to the nature of the institution or the purpose for which the fund might be used and concluded either that the legatee was not a charity or that the fund might be used for noncharitable purposes. In the instant case the bequest is to be used solely for the charitable purposes of the church.

According to the dictionary, the word, "charity," has a number of broad connotations, such as "love," "good will," "leniency," etc., but the words, "charitable gift," at law mean a gift of property to the use of the public or any indefinite portion of the public (as distinct from specific individuals) for any beneficial or salutary purpose. Such a gift creates a charitable use or trust for the public benefit and has an indefinite or undetermined number of beneficiaries. The terms, "charitable trust," and, "public trust," are synonymous. A so-called private charity is neither a "charity" nor a "charitable trust." It is a "private trust." *First National Bank* v. *Boyd* (Texas 1945), 188 S. W. (2d), 199, 207; *Clevenger* v. *Rio Farms, Inc.* (Texas 1947), 204 S. W. (2d), 40, 44; Cf. *In re Hamilton's Will,* 270 App. Div., 634, 63 N. Y. Supp. (2d), 265; *People, ex rel. State Board of Charities,* v. *N. Y. Soc. for Prevention of Cruelty to Children,* 42 App. Div., 83, 58 N. Y. Supp., 953, 955; *Smith* v. *Havens Relief Fund Soc.,* 44 Misc., 594, 90 N. Y. Supp., 168; *In re Altman's Estate,* 87 Misc., 255, 149 N. Y. Supp., 601; *Kronshage* v. *Varrell,* 120 Wis., 161, 97 N. W., 928.

As indicated above, at law the word, "charitable," imports "public charity," but in construing a will, the words of a testator are to be construed in accordance with their ordinary use and meaning unless it appears from the context and other provisions of the will that the testator used them in a different sense. It is presumed that the testator used the words in his will in their primary and ordinary sense. *Albright* v. *Al-*

*bright,* 116 Ohio St., 668, 157 N. E., 760; *Anderson* v. *Gibson,* 116 Ohio St., 684, 157 N. E., 377, 54 A. L. R., 92. In its ordinary sense, the word, "charitable," as used by the testator is not limited to public charity.

In Section 5334, General Code, the word, "public," appears six times, and, in using the words, "public charity," it may be inferred that the General Assembly intended to emphasize the exclusion of general charitable purposes in the interest of avoiding any claim that successions passing to institutions organized for such purposes should be exempt. Furthermore, the phrase, "for purposes only of public charity," is descriptive of the nature of the "institution" rather than a limitation on the "use" for which the succession passes. Therefore, in order to qualify for the exemption, the church must qualify as an "institution for purposes only of public charity." *In re Estate of Taylor, supra.*

In *Morning Star Lodge, No. 26, I. O. O. F.,* v. *Hayslip, Treas., supra,* the Supreme Court held that a charitable or benevolent association which extends relief only to its own sick or needy members and their widows and orphans is not "an institution of purely public charity." In *Tax Commission* v. *Security Savings Bank & Trust Co., supra,* the court was unable to draw a distinction between "an institution for purposes only of public charity" and "institutions of purely public charity." It might be contended that the Supreme Court meant there was no distinction between "purposes only of public charity" and "purely public charity," but the language employed in the opinion seems to indicate that the criterion is the nature of the institution rather than the purposes for which the bequest is made.

We are therefore forced to conclude that the facts found by the Probate Court do not bring "the chari-

table purpose" of the church or its endowment fund within the terms of Section 5334, General Code, as "an institution for purposes only of public charity."

The judgment is reversed and the exceptions filed by the Department of Taxation are sustained.

*Judgment reversed.*

CARPENTER and CONN, JJ., concur.