## LUCE, Estate of, In re.

Probate Court, Franklin County.

No. 192429.   Decided November 17, 1960.

Mr. *Lawrence C. Pretzman*, for executor.

Mr. *Mark McElroy*, attorney general, Mr. *Joseph L. White* and Mr. *John Lucas*, assistant attorneys general, for the Tax Commissioner.

WALCUTT, J. This matter came on for hearing on exceptions to the determination of inheritance tax filed both by the State of Ohio and the Executor.

George E. Luce died testate, a resident of Franklin County, on November 19th, 1959. On November 25th, 1959, his will was admitted to probate. Item XVI of this will, which bequeaths $292,270.90, reads as follows:

All the rest, residue and remainder of my estate I give and bequeath to Dessie M. Saum, to be expended by her for any charity or charities that she may select and as a memorial to me.

On June 8th, 1960, the journal entry determining inheritance tax was filed in this Court, taxing this portion at the highest rate. The following day, June 9th, 1960, a second journal entry determining inheritance tax was filed, setting aside the June 8th determination and entering instead a "high-low" determination, the high determination taxing the bequest at the highest rate and the low determination exempting it altogether from tax.

The Executor filed exceptions to the determination at the highest rate. The State of Ohio, in turn, filed exceptions, containing two major branches, which are, in substance, as follows:

(1) Excepting to the allowance of an extraordinary fiduciary fee as a deduction in the amount of $41,164.73.

(2) Excepting to the computation on a high-low entry on the ground that this is not an estate against which an inheritance tax is being assessed under Section 5731.28, Revised Code.

As to branch one of the exceptions of the State of Ohio, counsel for the fiduciary has agreed that no extraordinary services have been performed to this point for which a fee of $41,164.73 could be allowed. Therefore, branch one of the exceptions of the State of Ohio is sustained.

The exceptions filed by the executor can and will be considered with branch two of the exceptions filed by the State. The answer to one will answer both.

In order to qualify as an exempt charity, the bequest must fall within the purview of Section 5731.09, Revised Code, the pertinent part of which reads as follows:

The succession of any property passed to or for the use of the State, to or for the use of a municipal corporation or other political sub-division thereof for exclusively public service purposes, or any public institution of learning or any public hospital not for profit within any state of the United States, which state does not impose an inheritance, estate, or transfer tax on property given, devised, or bequeathed by a resident thereof to an institution of learning, or any public hospital not for profit, within this state, or to or for the use of an institution for purposes only of public charity, carried on in whole or in a substantial part within this state, * * *

The language of Item XVI of the will is unambiguous. The residuary estate as such was not left to any public charity. The power of choice lies solely in Dessie M. Saum. She could, according to her own choosing, select all exempt charities or partly exempt charities, or all non-exempt charities. She could invest it in charities established outside the state of Ohio. To fall within the scope of Section 5731.09, Revised Code, it is the opinion of the Court that the will itself must establish the nature of the charity. It can not leave the choice to a third person.

It is now the well-established law of Ohio that the will must restrict the bequest to charities "carried on in whole or in substantial part in this state."

*In re Estate of Bremer*, 166 Ohio St., 233, the third paragraph of the syllabus disposes of this question:

Where a testator devised or bequeathed a gift to an "institution" of public charity not in existence at the time of the testator's death, without requiring that the benefits of such devise or bequest are to be used or enjoyed in whole or in substantial part in this state, the succession thereby created is not exempt from taxation under the provisions of Section 5731.09, Revised Code, regardless of the actual use of such benefits or the expressed intent as to such use of trustees or of the articles of a corporation created after the testator's death.

Here the law is clear that the will must establish the use to make the bequest exempt.

A case similar to the one at bar is the *Tax Commission of Ohio* v. *Paxson, Administrator,* 118 Ohio St., 36, holding as follows:

A testator devised a trust fund to certain trustees and their successors for charitable purposes, directing that the trustees and their successors should "be the sole judges as to the persons qualified and entitled to have the benefits of said fund, and the purposes for which said expenditures shall be made, within the general spirit of the purposes for which this bequest is made." *Held,* that the succession to such property is not exempt from the inheritance tax under Section 5334, General Code.

Counsel for the fiduciary has quoted at some length *In re Estate of Miller,* 171 Ohio St., 202. However, a careful examination of that case will show that the only matter determined was the specific bequest given to the Board of Trustees of the Central Presbyterian Church of Columbus and did not construe the residuary clause of the will in which the decedent gave to her attorney the residue of her estate to be distributed by him to such charitable institutions in Columbus as he should deem proper. Therefore, the *Miller case* would not be determinative of the case at bar.

The burden of proof to exempt the property from taxation lies with the person seeking the exemption. *In re the Estate of Salisbury,* 90 Ohio App., 17, the first paragraph of the syllabus reads, as follows:

One seeking to have property exempted from taxation has the burden of showing that such property comes squarely within the exemptions provided by law.

This burden of proof has not been sustained by the fiduciary and it is therefore, the opinion of the Court that branch two of the exceptions to the Inheritance Tax filed by the State of Ohio must be sustained and the exceptions filed by the executor must be overruled.

An entry may be drawn in accordance with these findings.