DAVIES, DECEASED, ESTATE OF, IN RE.

Probate Court, Hamilton County.

No. 235636. Decided September 30, 1963.

246

*Messrs. Clark, Robinson & Hellebush*, for John W. Pease, Executor of the Estate of Lillian J. Davies, deceased.

*Mr. William B. Saxbe*, attorney general, and *Mr. Daronne R. Tate*, assistant attorney general, for Department of Taxation.

Davies, J. This matter came before the court upon the exceptions of John W. Pease, executor of the Last Will and Testament of Lillian J. Davies, deceased, to an order previously made by the Probate Court of Hamilton County, Ohio, setting aside an entry finding the estate not subject to inheritance tax and ordering that the tax be redetermined and a tax assessed against the successions in accordance with a decision in the "Luce Estate," and also upon the exception of the executor to the journal entry determining an inheritance tax in said estate.

After providing in her will for payment of her debts and funeral expenses, the testatrix, Lillian J. Davies, left all the residue of her estate to "such organization or organizations qualifying as charitable, as defined in Section 170, sub-section (c) of the Internal Revenue Code of 1954, as shall be designated by John W. Pease and his wife, Margaret H. Pease."

John W. Pease and his wife, Margaret H. Pease, filed a "Designation of Beneficiaries" in which they have designated the Congregational United Church of Christ of Newport, Kentucky, the Presbyterian Church of Van Wert, Ohio, the Presbyterian Church of Rockford, Ohio, and the Bodmann Widows' Home of Cincinnati, Ohio, as the charitable organizations to which the residue of the decedent's estate shall be distributed in accordance with the provisions of her will.

The Probate Court made an entry determining the inheritance tax on a net estate of $11,785.50 in the amount of $942.84.

All of the organizations named by Mr. and Mrs. Pease qualify as "Exempt Organizations" under the provisions of Section 5731.09, Revised Code, which reads as follows:

"The succession to any property passing to or for the use

of the state, or to or for the use of a municipal corporation or other political subdivision thereof for exclusively public purposes, or any public institution of learning or any public hospital not for profit or any established religious organization, within this state, or institution of learning or any public hospital not for profit or any established religious organization or any community trust or community foundation for purposes only of public charity, within any state of the United States, which does not impose an inheritance, estate, or transfer tax on property given, devised, or bequeathed by a resident thereof to an institution of learning, or any public hospital not for profit, or any established religious organization, or any community trust or community foundation for purposes only of public charity within this state, or to or for the use of an institution for purposes only of public charity, carried on in whole or in a substantial part within this state, or to an institution or organization not for profit whose exclusive purpose is printing and distributing the Bible, or the succession to any property resulting from a testamentary provision for the performance of religious services or rites shall not be subject to Section 5731.02, Revised Code. * * *.''

The exceptor contends if the testatrix had made specific bequests to the beneficiaries designated by Mr. and Mrs. Pease the successions to these beneficiaries would be exempt under Section 5731.09, Revised Code, and that, therefore, the successions to the same beneficiareis selected by Mr. and Mrs. Pease, in compliance with the provisions of the Davies will, likewise should be exempt from the imposition of an inheritance tax under the same section.

The Attorney General of Ohio, on the other hand, argues that the Davies will grants to Mr. and Mrs. Pease complete discretion as to selection of the charities subject only to the requirement that they qualify as charitable organizations under the definition set forth in Section 170 (c) of the Internal Revenue Code of 1954; that neither the will nor Section 170 (c) restricts the bequest to charities ''carried on in whole or in a substantial part within'' Ohio; and that the bequests, therefore, do not fall within the exemption provided by Section 5731.09, Revised Code.

248

In the case of *Tax Commission of Ohio* v. *Paxson, Admr. et al.*, 118 Ohio St., 36, the court considered the taxability of a bequest made to trustees who were authorized to expend the net income of the trust "in procuring medical services, board, lodging and nursing for worthy, needy, afflicted persons whose financial condition is such that they are unable, in whole or in part, to themselves procure the same," the trustees to be the sole judges as to the persons qualified and entitled to have the benefits of said fund. The court held that the succession to such property is not exempt from the inheritance tax under Section 5334, General Code (now Section 5731.09, Revised Code). The court (p. 40) reasoned that the trustees might decide to pay the net income of the trust to one beneficiary only, and that "it would hardly be seriously contended that under such circumstances the use of the bequest, however worthy, however actuated by the finest judgment and the highest motives, was for public purposes only." Under this provision, the court pointed out, "the trustees might decide to pay the income wholly to a beneficiary or beneficiaries in Indiana, California, or Alaska, in which case certainly the charity would not be 'carried on in whole or in substantial part within this state,' as required by Section 5334, General Code." The court asked a rhetoric question, "where the trustees have such unlimited power and discretion, does their dispensing of the charity, no matter how worthy its purpose, constitute such a use as exempts the succession to the property in question from taxation under the statute?" The court then proceeded (p. 42) to answer, what it considered to be obvious, its question by stating, "we see no escape from the conclusion, that, under the specific provision of the will - - - the executors (sic) were empowered to use this money for private charity, however worthy such charity might be" and, as stated, found the succession to be taxable.

In another case, *In re: Estate of Bremer: Mitchell et al., Exrs.* v. *Bowers, Tax Commr.*, 166 Ohio St., 233, the court considered a case in which a testator created two trusts, one to trustees to "be used by them for the relief, benefit, medical care or education of the poor and the destitute," and another one to trustees who were directed to "give special consideration to providing for the study of the origins, causes and effects of diseases of the heart." The testator also provided that if the

trust estate should exceed $200,000.00, which it did, the trustees were directed and empowered to form a charitable corporation for the purpose of carrying out the objectives listed in the will. The trustees formed a corporation whose purposes were "to provide relief, benefits, medical care and education to the poor and destitute, to advance the cause of medicine and surgery, to investigate the origins, causes and effects of diseases of the heart, and generally, and without prejudice to any or all of the foregoing, to conduct and carry on a charitable, scientific and educational trust foundation in all its branches, and for no other purpose or purposes whatever, and principally in Ohio." The single issue before the court was whether a succession, or the passing of property, by devise or bequest to an institution, purportedly for public charity only, not in existence at the time of the testator's death, may, under any circumstances, be exempted from the Ohio succession tax by virtue of Section 5731.09, Revised Code, where no geographical limitation upon the area in which the charity is to be carried on is set out in the will. The court held that "Section 5731.09, Revised Code, exempts from the succession tax the passing of property of a deceased person 'to or for the use of an institution only of public charity, carried on in whole or in a substantial part within this state,' and, where an 'institution' named in a will is (or is) not in existence at the time of the death of the testator, the exemption or nonexemption of the succession must be determined solely by the terms of the will creating the succession," and that "where a testator devised or bequeathed a gift to an 'institution' of public charity not in existence at the time of the testator's death, without requiring that the benefits of such devise or bequest are to be used or enjoyed in whole or in a substantial part in this state, the succession thereby created is not exempt from taxation under the provisions of Section 5731.09, Revised Code, regardless of the actual use of such benefits or the expressed intent as to such use of trustees or of the articles of a corporation created after the testator's death."

*In Luce, Estate of, In re*: 86 Ohio Law Abs., 101, the court held that "to fall within the scope of Section 5731.09, Revised Code, providing for the exemption of gift to certain charities from inheritance tax, the will itself must establish the nature of the charity; the choice cannot be left to a third person," and

that "to be exempt from taxation under the provisions of Section 5731.09, Revised Code, the will must restrict the bequest to charities 'carried on in whole or in substantial part in this state.' "

In the case now under consideration, the testatrix devised and bequeathed property to such organization or organizations qualifying as charitable, as defined in Section 170, sub-section (c) of the Internal Revenue Code of 1954, as shall be designated by John W. Pease and his wife, Margaret H. Pease. A reading of said sub-section (c), which it is unnecessary to quote herein, shows that in defining "charitable contributions" such contributions are not limited to or for the use of an institution for purposes only of public charity carried on in whole or in a substantial part within the state of the donor. Nor is there such a limitation in the will of Lillian J. Davies. It would have been possible, under the terms of her will, for Mr. and Mrs. Pease, by designation, to have directed the distribution of the Davies estate to charitable organizations in any state, territory, possession of the United States, or any political subdivision of any of the foregoing, or the District of Columbia. Mr. and Mrs. Pease, under the Davies will, could have directed that the whole residue of the estate be distributed to charitable organizations outside of Ohio so that no institution in Ohio would receive any use or benefit therefrom.

Since Lillian J. Davies did not provide, directly or indirectly in her will, that the residue and remainder of her estate should be given, devised, and bequeathed to or for the use of institutions for purposes only of public charity within Ohio, as provided in Section 5731.09, Revised Code, the successions to property passing to "such organization or organizations qualifying as charitable, as defined in Section 170, sub-section (c) of the Internal Revenue Code of 1954, as shall be designated by John W. Pease and his wife, Margaret H. Pease," are subject to the payment of inheritance taxes levied under Section 5731.02, Revised Code. It is immaterial if the charities designated by Mr. and Mrs. Pease were or were not in existence when the testatrix executed her will because Section 5731.09, Revised Code, exempts from the succession tax the passing of property of a deceased person to or for the use of an institution only of pub-

lic charity, carried or in whole or in a substantial part within this state, and, where an institution named in a will is, or is, not in existence at the time of the death of the testator, the exemption or nonexemption of the succession must be determined solely by the terms of the fill creating the succession.

The exceptions of the executor, therefore, will be overruled.