PEOPLES-MERCHANT TRUST CO., EXR., ET AL., APPELLANTS, v.
SCHNEIDER, TAX COMMR., APPELLEE.

[Cite as Peoples-Merchant Trust Co. v. Schneider,
4 Ohio App. 2d 52.]

(No. 3083—Decided July 17, 1964.)

*Messrs. Black, McCuskey, Souers & Arbaugh* and *Mr. Irwin E. Cohn*, for appellants.

*Mr. William B. Saxbe*, attorney general, and *Mr. Jon A. Ziegler*, for appellee.

RUTHERFORD, P. J.  This is an appeal from a judgment of the Probate Court of Stark County, Ohio, determining that the bequest in item IV of the last will and testament of August Michael Rocco, deceased, is subject to succession taxes under Section 5731.02 of the Revised Code of Ohio and not subject to exemption under the provisions of Section 5731.09 of the Revised Code of Ohio.

The pertinent parts of Item IV provide:

"All the residue of my estate of whatsoever nature, I give, devise and bequeath to The Peoples Bank, Canton, Ohio, as trustee for the purpose of establishing a scholarship to be known as the August Michael Rocco Scholarship Foundation for the purpose of providing scholarships for worthy young men graduates of Central Catholic High School of the Catholic faith for attendance at Notre Dame University at South Bend, Indiana, said trust and any additions that may be made thereto

by anyone either by gift or by their last will and testament and the income derived therefrom shall be held, managed, controlled, administered and disbursed in all respects solely for the charitable, religious, educational, philanthropic and benevolent purposes as hereinafter provided and upon terms and conditions hereinafter set forth.

"The designations of the persons who are to be the recipients of such scholarships shall be made by a committee of 3 persons of the Catholic faith, who shall act as a trust committee and who shall keep minutes of its actions, wherein shall be recorded the names and addresses of all beneficiaries to whom distribution of income in the form of scholarships shall have been directed by such committee. The Trust Committee shall meet at least annually and at any time at the call of any one of the committee for the purpose of considering applications for scholarships that may have been made to such Trust Committee which designate the beneficiary of such scholarships upon the basis of character, scholarship and similar all around qualifications. No one shall be eligible to participate in said scholarship unless his school grade shall be in the upper third of his class and he shall have demonstrated his ability of leadership among his fellow students both in curricular and extra-curricular activities of the school.

"The members of the committee shall be appointed by the Probate Judge of Stark County, Ohio, from lay members of the Catholic faith, who shall serve without compensation but shall be reimbursed for all expenses that may be incurred by them in the performance of their duties. Any vacancies that may occur on said committee shall from time to time be filled by the then acting Probate Judge of Stark County.

"In the event that Central Catholic High School is no longer in existence or the Notre Dame University is no longer in existence substitution of successor institutions may be made at the direction of the Bishop of the diocese which includes Canton.

"The income and principal received or derived from the trust estate shall be used and applied by my trustees for the assistance of such worthy, talented, industrious and needy young men as shall be selected by the trustees and for the purpose of enabling any such young men to pursue their studies at Notre Dame University, at South Bend, Indiana. I direct that said

funds shall by my trustees be either loaned to the designated beneficiaries, at small interest rate, or be given outright, as shall in the judgment of trustees seem advisable.

"The said trustees shall expend an amount not in excess of $10,000 per year, and said funds shall be given to the successful applicant in such installments as the said trustees shall deem proper."

The appeal is on questions of law and the assigned errors are:

"1. The Probate Court erred in denying exemption as a bequest for purposes only of public charity.

"2. The Probate Court erred in denying exemption for property passing to or for the use of an institution of learning."

It is undisputed that the residue would be taxable under the provisions of Section 5731.02 of the Revised Code of Ohio, if it does not qualify for exemption under the provisions of Section 5731.09 of the Revised Code of Ohio.

Section 5731.09, Revised Code, provides in part:

"The succession to any property passing to or for the use of the state, or to or for the use of a municipal corporation or other political subdivision thereof for exclusively public purposes, or any public institution of learning or any public hospital not for profit or any established religious organization, within this state, or institution of learning or any public hospital not for profit or any established religious organization or any community trust or community foundation for purposes only of public charity, within any state of the United States, which does not impose an inheritance, estate, or transfer tax on property given, devised, or bequeathed by a resident thereof to an institution of learning, or any public hospital not for profit, or any established religious organization, or any community trust or community foundation for purposes only of public charity within this state, or to or for the use of an institution for purposes only of public charity, carried on in whole or in a substantial part within this state, or to an institution or organization not for profit whose exclusive purpose is printing and distributing the Bible, or the succession to any property resulting from a testamentary provision for the performance of religious services or rites shall not be subject to Section 5731.02 of the Revised Code."

Central Catholic High School is coeducational with an enrollment of approximately 1685 students of whom nearly one-half are boys. Other than those of the Catholic faith attend since it is open to the general public. Scholarships may go only to boys of the Catholic faith who are in the upper one-third of their class. The scholarships are not available to girls or to boys not of the Catholic faith although they might otherwise qualify. A further restriction is that the recipient be admitted to and attend Notre Dame University, at South Bend, Indiana.

Section 2, Article XII of the Constitution of Ohio, provides in part:

"* * * general laws may be passed to exempt * * * institutions used exclusively for charitable purposes, and public property used exclusively for any public purpose * * *."

Under the provisions of Section 5731.09 Revised Code, *supra*, The Peoples Bank, as trustee, cannot qualify as a public institution of learning or as a community trust, but can the trustee qualify under the provisions exempting an institution of learning or institution for purposes only of public charity? The institutions to be considered cannot be either Central Catholic High School or Notre Dame University, since there is no assurance that either of them will ever be paid any part of the disbursement which may be distributed outright to the boys. The Peoples Bank, as trustee, cannot qualify as an institution of learning, its only function being to invest and disburse the trust funds to the persons selected by a designated committee. The trustee might, however, be considered an institution qualified to administer the charity. See *Gerke, Treas.,* v. *Purcell,* 25 Ohio St. 229, paragraph six of the syllabus:

"The Constitution, in directing the levying of taxes and in authorizing exemptions from taxation, has reference to property, and the uses to which it is applied; and where property is appropriated to the support of a charity which is purely public, the Legislature may exempt it from taxation, without reference to the manner in which the title is held, and without regard to the form or character of the organization adopted to administer the charity."

There is no question but what the purpose of education may be considered charitable, but in view of the limitations upon selection of the persons to whom distribution can be made, can

the trustee qualify as being an institution for purposes only of public charity? In other words, the instant trust is not for profit and it is charitable, but can it qualify as being for purposes only of public charity?

In the case of *Morning Star Lodge* v. *Hayslip, Treas.*, 23 Ohio St. 144, the Supreme Court of Ohio held:   ,

"A charitable or benevolent association which extends relief only to its own sick and needy members, and to the widows and orphans of its deceased members, is not 'an institution of purely public charity'; and its moneys held and invested for the aforesaid purposes are not exempt from taxation."

In the case of *Tax Commission* v. *Security Savings Bank & Trust Co. of Toledo, Trustee*, 117 Ohio St. 443, the Supreme Court of Ohio held:

"The succession of property to a trustee to be used for the purpose of dispensing charity only to aged Master Masons, their wives, widows and dependent orphans, or superannuated clergymen, is not a succession of property 'for purposes only of public charity.' "

In the instant case, it is true that attendance at Central Catholic High School and Notre Dame University is open to persons other than of the Catholic faith, but the scholarships have been limited and can be issued only to the boys of the Catholic faith.

We are unable to distinguish this case from the holdings of the Supreme Court of Ohio in the cases of *Gerke, Treas.*, v. *Purcell* and *Tax Commission* v. *Security Savings Bank & Trust Co. of Toledo, Trustee, supra*, and consider those holdings to be *stare decisis* as to the issue here.

We, therefore, find that the Probate Court of Stark County did not err in determining that the succession of property under Item IV of the last will and testament of August Michael Rocco, deceased, is not "for purposes only of public charity," and in assessing the tax.

We find no error prejudicial to the appellant. Each of the assigned errors is overruled, and the judgment of the Probate Court is affirmed.

*Judgment affirmed.*

McLaughlin and Van Nostran, JJ., concur.