Allen, J.
 

 The sole legal question presented upon the record herein is whether or not the succession to the trust fund of $20,000 passing to the trustees under the will constitutes a taxable succession within Section 5334, General Code. The material portions of that section, in effect at the date of the death of testatrix, read as follows (108 Ohio Laws, pt. 2, 1193):
 

 “The succession to any property passing to or for the use of the state of Ohio, or to or for the use of a municipal corporation or other political subdivision thereof for exclusively public purposes, or public institutions of learning, or to or for the use of an institution for purposes only of public charity, carried on in whole or in substantial part within this state, shall not be subject to the provisions of the preceding sections of this subdivision of this chapter.”
 

 The organization of the trust by turning over the estate from the executors to the trustees under the will constitutes an institution in being for the purpose of the trust. This -is the holding of this court in a number of cases dealing with charitable trusts, which have been recently reconsidered and cited with approval, it being held in the case of
 
 Jones, Treasurer,
 
 v.
 
 Conn et al., Trustees,
 
 116 Ohio St., 1, 155 N. E., 791, that the organization of a trust to execute a charitable purpose constitutes a,charitable institution.
 
 Gerke, Treasurer,
 
 v.
 
 Purcell,
 
 25 Ohio St., 229;
 
 Humphries, Auditor,
 
 v.
 
 Little Sisters of the
 
 
 *40
 

 Poor,
 
 29 Ohio St., 201;
 
 Cleveland Library Ass’n
 
 v.
 
 Pelton, Treasurer,
 
 36 Ohio St., 253;
 
 Davis, Auditor,
 
 v.
 
 Cincinnati Camp Meeting Ass’n,
 
 57 Ohio St., 257, 49 N. E., 401;
 
 Little, Treasurer,
 
 v.
 
 United Presbyterian Theological Seminary,
 
 72 Ohio St., 417, 74 N. E., 193;
 
 Wilson, Auditor,
 
 v.
 
 Licking Aerie
 
 No.
 
 387, F. O. E.,
 
 104 Ohio St., 137, 135 N. E., 545.
 

 However, the further and vital question arises whether the organization of this trust for the purpose set out in the will constituted it an institution for purposes only of public charity.
 

 The decedent in Item I used the following sweeping language with regard to the unlimited power of the trustees in selecting the beneficiaries under the will:
 

 “And I direct that said trustees and their successors shall be the sole judges as to the persons qualified and entitled to have the benefits of said fund, and the purposes for which said expenditures shall be made within the general spirit of the purposes for which this bequest is made.”
 

 Under this provision the trustees might decide to pay the not very large income from the bequest of $20,000 to one beneficiary only, and it would hardly be seriously contended that under such circumstances the use of the bequest, however worthy, however actuated by the finest judgment and the highest motives, was for public purposes only. Under this provision the trustees might decide to pay the income wholly to a beneficiary or beneficiaries in Indiana, California, or Alaska, in which case certainly the charity would not be ‘ ‘ carried on in whole or in substantial part within this state,” as required by Section 5334, General Code. Where the trustees
 
 *41
 
 have such unlimited power and discretion, does their dispensing of the charity, no matter how worthy its purpose, constitute such a use as exempts the succession to the property in question from taxation under the statute?
 

 While there is authority contra, it is frequently held that one claiming exemption of property from taxation must show that such exemption is within the terms of the Constitution and the statute. A claim of exemption from taxation by virtue of a statute is construed
 
 strietissimi juris.
 
 It must rest upon language in regard to which there can be no doubt as to the meaning, and the exemption must be granted in terms too plain to be mistaken. 26 Ruling Case Law, 313;
 
 Humphries, Auditor,
 
 v.
 
 Little Sisters of the Poor, supra.
 

 Statutes exempting certain legacies from an inheritance tax should be. strictly construed. To be exempt from an inheritance tax, a legacy must come within the strict letter of the statutory enactments.
 
 In re Rudge’s Estate,
 
 114 Neb., 335, 207 N. W., 520.
 

 There is no presumption of exemption from taxation because the institution claiming it is of a religious or charitable nature, for it is perfectly competent for such institutions to own property clearly subject to taxation. This was the basis of the holding in
 
 State, ex rel. Boss,
 
 v.
 
 Hess, Auditor,
 
 113 Ohio St., 52, 148 N. E., 347.
 

 A similar clause to the one under construction here was found in' the will construed in the case of
 
 People
 
 v.
 
 Kaiser,
 
 306 Ill., 313, 137 N. E., 826, which gave the executor of the will the power to give and divide the residuary estate “among such charitable or benevolent institutions or needy persons or fami
 
 *42
 
 lies as he shall deem most deserving of such reward or assistance.” Under the Illinois statute (Hurd’s Statute, 1921, p. 2736), the Supreme Court of Illinois held that the transfer tax should be assessed under Section 25 of the transfer tax act on the whole of the residuary estate, at the highest rate.
 

 In a recent decision, a bequest was made to a trustee for charitable purposes, involving a similar discretionary clause. The will directed that the net income from a certain trust fund should be used by the trustee for furnishing financial aid and assistance to needy children of the city of Madison, Wis., and provided that the charity should.be dispensed to such needy children as in the judgment of the trustee were worthy of such aid, ‘£ said trustee to be the sole judge of the children to be benefited by the income from said fund.” It was held that under this provision the property was not exempt from an inheritance tax exempting property transferred to corporations organized solely for charitable purposes.
 
 In re Price’s Estate,
 
 192 Wis., 580, 213 N. W., 477.
 

 , We see no escape from the conclusion, that, under the specific provision of the will of Mrs. Millikan, the executors were empowered to use this money for private charity, however worthy such charity might be, and hence we hold that the judgment of the Court of Appeals as to the exemption of the $20,000 fund must be reversed. That portion of the judgment of the Court of Appeals which deals with the item of $500 bequeathed to the Presbyterian Church was not attacked by the plaintiff in error, nor did the defendant in error file any cross-petition in error, and hence is not in issue here. ,
 

 
 *43
 

 Judgment of the Court of Appeals reversed as to the trust fund of $20,000, and affirmed as to the item of $500.
 

 Marshall, C. J., Robinson, Jones and Matthias, JJ., concur.