CALDWELL ET AL., APPELLANTS, *v.* TAX COMMISSION OF OHIO, APPELLEE.

(Decided February 28, 1936.)

*Messrs. G. P. & M. E. Gillmer,* for appellants.
*Mr. D. K. Larrimer* and *Mr. W. H. Fram,* for appellee.

NICHOLS, J. This cause comes into this court under authority of Section 12223-27, General Code, which under certain circumstances provides for appeals direct from the Probate Court to the Court of Appeals on questions of law.

Sarah A. Caldwell, late of Trumbull county, Ohio, died intestate November 16, 1934, without issue, leav-

ing an estate which had come to her by descent from her predeceased husband. The Union Savings & Trust Company, Warren, Ohio, was duly appointed administrator of the estate of Sarah A. Caldwell, deceased, and on the 12th day of November, 1935, filed its application in the Probate Court of Trumbull county, Ohio, for determination of the inheritance tax due on the estate. On the 29th day of November, 1935, the Probate Court made determination of the inheritance tax due from the estate, finding that $20,679.39 of the estate came to Sarah A. Caldwell from her former deceased husband, and descends under the provisions of Section 10503-5, General Code; and in the determination of the inheritance tax the Probate Court refused to grant exemptions of $500 each to the appellants, who are the nieces and nephews by consanguinity of the former deceased husband of Sarah A. Caldwell. Each of the appellants filed exceptions to the finding of the Probate Court refusing them such exemptions, and the court overruled the exceptions; hence this appeal on questions of law to this court.

The only question to be determined here is whether or not the appellants are entitled to the exemption provided for nephews and nieces under the third paragraph of Section 5334, General Code, which reads as follows:

"When the property passes to or for the use of a brother, or sister, niece, nephew, the wife or widow of a son, the husband of a daughter of the decedent, or to any child to whom the decedent, for not less than ten years prior to the succession stood in the mutually acknowledged relation of a parent, the exemption shall be five hundred dollars."

To the determination of the question of law involved we first consider the provisions of Section 10503-5, General Code, which are as follows:

"When the relict of a deceased husband or wife dies intestate and without issue, possessed of any real

estate or personal property which came to such relict from any deceased spouse, by deed of gift, devise, bequest or descent, then such estate, real and personal, except for the intestate share of the surviving spouse, if any, of such relict, shall pass to and vest in the children of the deceased spouse from whom such real estate or personal property came, or the next of kin of deceased children. If there are no children or next of kin of deceased children, then such estate, real and personal, except for the intestate share of the surviving spouse, if any, of such relict, shall pass and descend one-half to the brothers and sisters of such relict, or the next of kin of deceased brothers and sisters, and one-half to the brothers and sisters of the deceased spouse from whom such real estate or personal property came, or the next of kin of deceased brothers and sisters." (114 Ohio Laws, 340, effective January 1, 1932.)

It is agreed that the former deceased spouse left no children or the next of kin of deceased children surviving him, and that under the provisions of Section 10503-5, General Code, one-half of the sum of $20,-679.39 passes to Edward Carr and Alonzo Carr, brothers of Sarah A. Caldwell, deceased, and that the other one-half of such sum passes to the appellants as heirs at law of the former deceased spouse of the decedent, and it is conceded that the appellants are nieces and nephews of Sarah A. Caldwell by affinity and not by consanguinity. Of course it is likewise conceded that the appellants are the nephews and nieces by consanguinity of the former deceased husband of Sarah A. Caldwell, deceased.

To a proper conclusion in this matter it is first necessary to determine whether under the provisions of Section 10503-5, General Code, the share of such moneys passing to the appellants descends and passes from Sarah A. Caldwell, or from the former deceased husband of Sarah A. Caldwell. If the portion of the

moneys passing to appellants descends to them from the former deceased husband, it is clear, of course, that the appellants, being nephews and nieces by consanguinity to the former deceased husband, are each entitled to the $500 exemption provided for nieces and nephews under paragraph 3 of Section 5334, General Code, and in that event we need inquire no further.

We find and determine that the property inherited by Sarah A. Caldwell from her former deceased husband descends to appellants from Sarah A. Caldwell and not from the former deceased husband of Sarah A. Caldwell. In support of this finding we cite the second paragraph of the syllabus in the case of *Miller, Admr.,* v. *Shepard,* 29 Ohio App., 22, 162 N. E., 788, as follows:

"Property inherited from a deceased spouse under subdivision 2 of Section 8574, General Code [now Section 10503-4, General Code], descends from and not through such surviving spouse, under Section 8577, General Code [now Section 10503-5, General Code], upon his or her death intestate," without issue.

To the quoted syllabus we have added the words, "without issue." The right to receive property by descent or devise is the creature of positive law. It is not a natural right. *Magoun* v. *Illinois Trust & Savings Bank,* 170 U. S., 283, 42 L. Ed., 1037, 18 S. Ct., 594; *United States* v. *Perkins,* 163 U. S., 625, 41 L. Ed., 287, 16 S. Ct., 1073.

Statutes of descent and distribution are neither declaratory nor derogatory of the common law. They create rights which did not thitherto exist and they cover the whole field of intestate property devolution. *Penn* v. *Cox,* 16 Ohio, 30; *Drake* v. *Rogers,* 13 Ohio St., 21.

Under the provisions of Section 10503-4, General Code, Sarah A. Caldwell inherited the property in question from her deceased husband unconditionally, so that during her lifetime she had the right to use,

consume, sell, dispose of by will or otherwise, in which event the provisions of Section 10503-5, General Code, would never have come into operation. Upon the death of Sarah A. Caldwell the property in question became liable for the payment of her debts, if necessary for that purpose, so that it is clear to this court that upon the death of Sarah A. Caldwell, intestate and without issue, the property in question, under the statute, descended from her and not through her from her former deceased husband. It follows that the only question remaining to be determined resolves itself into the question whether the word "nephew," and the word "niece," used in the third paragraph of the inheritance tax law, Section 5334, General Code, include not only nephews and nieces by consanguinity, but nephews and nieces by affinity. In determining this question we are met with the rule laid down by the Supreme Court of Ohio in the case of *Tax Commission of Ohio* v. *Paxson, Admr.*, 118 Ohio St., 36, at page 41, 160 N. E., 468, wherein the court says:

"Statutes exempting certain legacies from an inheritance tax should be strictly construed. To be exempt from an inheritance tax, a legacy must come within the strict letter of the statutory enactments. *In re Rudge's Estate,* 114 Neb., 335, 207 N. W., 520."

Quoting further from *Tax Commission* v. *Paxson, supra:*

"A claim of exemption from taxation by virtue of a statute is construed *strictissimi juris.* It must rest upon language in regard to which there can be no doubt as to the meaning, and the exemption must be granted in terms too plain to be mistaken."

It is clear to this court that the words "niece" and "nephew," as used in Section 5334, General Code, can not include nieces and nephews by marriage, that is by affinity. This follows from the fact that under the third paragraph of Section 5334, General Code, relationships by affinity are dealt with expressly. Thus, though chil-

dren of the decedent have been dealt with earlier in the section, paragraph 3 makes separate and special provision for the "wife or widow of a son, the husband of a daughter of the decedent." It is believed fair to follow the analogies of the statutes of descent and distribution, and if this is done the words "niece" and "nephew" in paragraph 3 of Section 5334, General Code, should be strictly construed and limited to nieces and nephews by consanguinity to the person from whom (not through whom) the property passes under the provisions of Section 10503-5, General Code.

We find no error of law prejudicial to the rights of the appellants in the finding and judgment of the Probate Court and said judgment is affirmed.

*Judgment affirmed.*

CARTER and ROBERTS, JJ., concur.