Lamneck, J.
It is the contention of the appellant that the gift of decedent’s residuary estate, passing under his will, together with the corpus of the trust established on January 25, 1947, and intended for charitable purposes, constitutes a single succession to the Central National Bank of Cleveland, as trustee, for purposes only of public charity and, therefore, such succession is exempt from taxation.
The Department of Taxation contends that the gift of the portion of the residuary estate and the corpus of the trust constitutes two successions as follows:
1. A succession of at least one-half to the Cleveland Foundation, which is exempt from taxation.
2. A succession of not to exceed one-half to Oglebay Park near Wheeling, West Virginia, taxable at the highest rate.
It is agreed that the activities emanating from Ogle-bay Park and as fixed by the trust agreement come un-. der the classification, “for purposes only of public charity.”
Section 5334, General Code (Section 5731.09, Revised Code), exempts from taxation the “succession to any property passing * * * to or for the use of an institution for purposes only of public charity, carried on in whole or in substantial part within this state. ’ ’
By the terms of the trust agreement and the decedent’s will, all the charitable residue of the decedent’s estate was devised and bequeathed to the Central Na *6 tional Bank of Cleveland as trustee, for purposes only of public charity. Under numerous decisions of this court, the organization of a trust constitutes an “institution. ’ ’
In Tax Commission v. Paxson, Admr., 118 Ohio St., 36, 160 N. E., 468, the following appears in the opinion:
“The organization of the trust by turning over the estate from the executors to the trustees under the will constitutes an institution in being for the purpose of the trust. This is the holding of this court in a number of cases dealing with charitable trusts, which have been recently reconsidered and cited with approval, it being held in the case of Jones, Treasurer, v. Conn et al., Trustees, 116 Ohio St., 1, 155 N. E., 791, that the organization of a trust to execute a charitable purpose constitutes a charitable institution. Gerke, Treasurer, v. Purcell, 25 Ohio St., 229; Humphries, Auditor, v. Little Sisters of the Poor, 29 Ohio St., 201; Cleveland Library Ass’n v. Pelton, Treasurer, 36 Ohio St., 253; Davis, Auditor, v. Cincinnati Camp Meeting Ass’n, 57 Ohio St., 257, 49 N. E., 401; Little, Treasurer, v. United Presbyterian Theological Seminary, 72 Ohio St., 417, 74 N. E., 193; Wilson, Auditor, v. Licking Aerie No. 387, F. O. E., 104 Ohio St., 137, 135 N. E., 545.”
Under the “resolution” of the Central National Bank, establishing The Cleveland Foundation, it was not intended that the foundation should be either a trust or a trustee. It is not a legal entity, nor does it have a governing board. It is not incorporated and holds no assets. It has no members. It was designed to encourage the establishment of trusts for charitable purposes and to facilitate the administration of such trusts. Unless limited by the instrument or instruments creating the trust, the sole function of the foundation is to designate the charitable beneficiaries of the trust, and this is done by five citizens designated *7 as the “distribution committee.” The responsibility for the administration of the trust is on the trustee. Any breach of trust is the liability of the trustee and not that of the “distribution committee.”
It must, therefore, be concluded that the trust of which the Central National Bank is trustee is the “institution”; and The Cleveland Foundation is not.
Does the provision relating to Oglebay Park create a “succession” to the park as contemplated by the statute?
The term, “succession,” is defined' in Section 5331, General Code (Section 5731.01, Eevised Code), as “the passing of property in possession or enjoyment, present or future.”
In Tax Commission, ex rel. Price, Atty. Genl., v. Lamprecht, Admr., 107 Ohio St., 535, 140 N. E., 333, 31 A. L. R., 985, it is stated that the Ohio inheritance tax is a tax upon the right to receive property from the estate of a decedent. It is the succession that is taxed, and the word, “succession,” means the “passing of property.”
Under the trust agreement and the will of the decedent, there is no single charity or single group of charities entitled to receive distributions of either principal or income from the trust as a matter of right. There is no “passing of property” to any named charity by the mandatory provisions of the trust agreement or by the will of the decedent.
The “distribution committee” may distribute one-half of the net income and, with the concurrence of the trustee, such portion of the principal as it sees fit, not to exceed one-half, “for the support of such exclusively charitable and educational activities conducted at or emanating from Oglebay Park, near Wheeling, West Virginia, as will, in the absolute and uncontrolled discretion of the committee [distribution committee], most effectively assist and promote the well being of *8 the people of the city of Wheeling and its vicinity, and the public at large, regardless of race, color or creed. ’ ’
The trust agreement and the will of the deceased do not require that any part of the income or principal be allocated for any of the activities at Oglebay Park. All the principal and income could be allocated to charities in the state of Ohio to the exclusion of activities at Oglebay Park. There is no enforceable right in favor of Oglebay Park activities to the exclusion of those in the state of Ohio.
Since the trustee holds all the charitable residue, since there is no enforceable right in favor of any charity, and since all allocations are apportioned by the trustee on appropriations made by the “distribution committee,” whether within or without the state, it must be held that there is only one charitable succession created by the trust and the decedent’s will, and that is to the trust of which the bank is the trustee.
Under Section 5334, General Code, in order for a succession for purposes only of public charity to be exempt from taxation, such charity must be “carried on in whole or in substantial part within this state. ’ ’
The trust agreement in this case contains an overriding geographical limitation which assures that at least 50 per cent of the trust funds must be used for charitable purposes within the state of Ohio. It cannot be argued that 50 per cent is not a substantial part. Since at least 50 per cent of charitable activities must be carried on within this state, this satisfies the “substantial part” requirement of the statute.
The judgment of the Court of Appeals is reversed and that of the Probate Court is affirmed.

Judgment reversed.

Weygandt, C. J., Middleton, Taft, Hart, Zimmerman and Stewart, JJ., concur.