Matthias, J.
The single issue which is dispositive of this ■appeal is whether a succession, or the passing of property, by devise or bequest to an institution, purportedly for public charity only, not in existence at the time of the testator’s death, may, under any circumstances, be exempted from the Ohio succession tax by virtue of Section 5731.09, Revised Code, where no geographical limitation upon the area in which the charity is to be carried on is set out in the will.
Section 5731.09, Revised Code, provides in part as follows:
“The succession to any property passing to or for the use of .the .state, or to or for the use of a municipal corporation or other political subdivision thereof for exclusively public purposes, or any public institution of learning or any public hospital not for profit, within this state, or institution of learning or any .public hospital not for profit within any state of the United States, which state does not impose an inheritance, estate, or transfer tax on property given, devised, or bequeathed by a resident thereof to an institution of learning, or any public hospital not for profit, within this state, or to or for the use of an institution for purposes only of public charity, carried on in whole or in a substantial part within this state, * * * shall not be subject to Section 5731.02 of the Revised Code.”
In establishing a claim for exemption, the burden is on the .person so claiming to show that the exemption is allowable by Section 5731.09, Revised Code. As a part of such proof, it is essential in the instant case that it be established that the succession is “to or for the use of an institution for purposes only of public charity, carried on in whole or in a substantial part within this state.”
It is well established that a succession by devise or bequest to trustees or to a corporation directed by the terms of a will to be formed is a succession to an “institution” within the meaning of that word as used in Section 5731.09, Revised Code. See In re Estate of Oglebay, 162 Ohio St., 1, 6, 120 N. E. (2d), 437, and the authorities, cited therein.
Succession taxes, with reference to testamentary gifts, are taxes on the passing of the property of a deceased person, and a claim that a testamentary gift is exempt from the succession tax must be determined by the circumstances existing' at' the *237 date of the testator’s death. See Tax Commission v. Securities Savings Bank & Trust Co. of Toledo, Trustee, 117 Ohio St., 443, 159 N. E., 570; Tax Commission v. Paxson, Admr., 118 Ohio St., 36, 160 N. E., 468; and In re Estate of Oglebay, supra.
The following cases from another jurisdiction are in point: Parkhurst et al., Exrs., v. Treas. & Recr. Genl. (1917), 228 Mass., 196, 117 N. E., 39; Old Colony Trust Co., Trustee, v. Commissioner of Corporations and Taxation (1954), 331 Mass., 329, 119 N. E. (2d), 175.
It is pertinent, therefore, to consider the testator’s plan of disposition, as disclosed by the terms of the will. At the time of his death, The Bremer Foundation did not exist. When The Bremer Foundation was formed according to the terms of the will, it became the substitute for the named trustees and, by virtue of the terms of the will, was vested with “full, sole and unlimited discretion as to the disbursement” of the trust estate, one part of which was to be used “for the relief, benefit, medical care or education of the poor and destitute” and the other part to be “used for the advancement of the sciences of medicine and surgery.” The will does not require the foundation to carry on any part of these activities in Ohio, and the full and unlimited discretion granted fully authorizes the foundation to expend the trust estate toheresoever it chooses.
The policy followed by this court in previous cases of this nature has been to construe exemption statutes strictly. Therefore, in the instant case the will must show that (1) the gift is “to or for the use of an institution for purposes only of public charity” and (2) the public charity of such institution must be “carried on in whole or in a substantial part within this state.” If the succession created fails in either of these two particulars then it is not exempt from the succession tax under the provisions of Section 5731.09, Revised Code.
Although counsel have argued and briefed thoroughly /(he question of whether the gift by the testator in the instant case is for the purpose only of public charity, we do not reach that point at which it is pertinent to consider such question, as our conclusion regarding the lack of geographical limitation upon the area in which the purported charity may be carried on renders the question immaterial.
*238 With regard to this lack of geographical limitation, we call attention to the case of Tax Commission v. Paxson, supra (118 Ohio St., 36), In that case the will of the decedent contained the following provision:
“I, therefore, and to that end, give and bequeath to Dr. L. L. Brock, Pearce C. Ballard and H. H. Sanderson, as trustees, in trust for the use and purposes in this item mentioned, the sum of twenty thousand dollars ($20,000). My said trustees are directed to invest said fund in such manner as in their judgment is secure, and expend the net income therefrom from time to time as occasion may arise in procuring medical services, board, lodging and nursing for worthy, needy, afflicted persons whose financial condition is such that they are unable, in whole or in part, to themselves procure the same. And I direct that said trustees and their successors shall be the sole judges as to the persons qualified and entitled to have the benefits of said fund, and the purposes for which said expenditures shall be made, within the general spirit of the purposes for which this bequest is made.”
This court held that the succession so created was not exempt from taxation, and, in the opinion of Allen, J., the following statement appears at page 40:
‘ ‘ Under this provision the trustees might decide to pay the income wholly to a beneficiary or beneficiaries in Indiana, California, or Alaska, in which case certainly the charity would not be ‘ carried on in whole or in substantial part within this state, ’ as required by Section 5334, General Code.”
In MacGregor et al., Exrs., v. Commissioner of Corporations and Taxation, 327 Mass., 484, 99 N. E. (2d), 468, in a similar situation, it was held that gifts to unincorporated voluntary associations for charitable purposes, which by the terms of trust were not required to be used in Massachusetts, were not exempt from succession taxes. In that case it was also held that the right to exemption, if any, must be found in the instrument itself.
An example of a charitable bequest wherein the testator required expenditure of a substantial part of the trust in Ohio, and where an exemption was allowed by this court, appears in *239 the ease of In re Estate of Oglebay, supra (162 Ohio St., 1). The third paragraph of the syllabus of that ease is as follows:
“Where such a testamentary charitable trust contains an overriding geographical limitation that at least 50 per cent of the trust funds must be used for public charitable activities carried on within the state of Ohio, the succession as to such trust is exempt from taxation under Section 5334, General Code (Section 5731.09, Eevised Code), as being a succession ‘for purposes only of public charity carried on in whole or in substantial part within this state.’ ”
It is important to note that the purpose of the exemptions set out in the quoted provisions of Section 5731.09 is not that the state, for purely altruistic reasons, is “donating” to the succession for public charitable purposes by not subjecting it to taxation, but that the premises upon which such exemptions are based are the just and equitable grounds that (1) the function of a democratic government is to benefit the people it serves, the public, and the only justification for taxes is that the money derived therefrom helps defray the cost of such benefits, and (2) if a succession is made for the sole purpose of public charity then the benefits of such succession are actually serving the same purpose as the benefits of a tax.
It is, thus, apparent that, in order for a succession to supplant the purpose of the Ohio succession tax, which only benefits the public of Ohio, the benefits of such succession for public charity only must devolve to the people of Ohio or, the reason for the exemption being nonexistent, the exemption fails to attach. This is the reason for the requirement of Section 5731.09 that the public charity must be “carried on in whole or in a substantial part within the state.”
In conclusion:
I. In order for a succession to be exempt from taxation under the provision of Section 5731.09, Eevised Code, that it is “to or for the use of an institution only of public charity, carried on in whole or in a substantial part within this state,” (1) it must be created to or for the use of an institution for the purposes only of public charity, and (2) such public charity must be carried on in whole or in a substantial part within this state.
*240 II. If the donee institution is not in existence at the time of the testator’s death, a determination of whether the succession is exempt from taxation under the provisions set out must be made solely from the terms of the will creating the succession.
Since The Bremer Foundation was not in existence at the time of Richard P. Bremer’s death, and his will nowhere requires that the use or benefit of the succession he created be carried on in whole or in any part within this state, it follows that, for the reasons given, the succession is not exempt from taxation under the quoted provisions of Section 5731.09, Revised Code.
Since, as we have said, the above conclusion is dispositive of this appeal, the judgment of the Court of Appeals is affirmed.

Judgment affirmed.

WeygaNdt, C. J., ZimmeRMAN, Stewart, Bell, Tapt and Herbert, J J., concur.