**MILLER, Estate of, In re. CHILDREN'S HOSPITAL, Exceptor-Appellant, v. TAX COMMISSIONER, Appellee.**

Ohio Appeals, Tenth District, Franklin County.

No. 6022.   Decided June 30, 1959.

Vorys, Sater, Seymour & Pease, John C. Elam, James B. Linville, of Counsel, Columbus, for exceptor-appellant.

Mark McElroy, Atty. Genl., Joseph D. Karam, Asst. Atty. Genl., Columbus, for appellees.

(WISEMAN, J, of the Second District, sitting by designation in the Tenth District.)

**OPINION**

By DUFFY, J.

Sarah Freeman Miller died testate on the 28th day of October, 1954, and made a specific bequest of $25,000 to the Board of Trustees of the Central Presbyterian Church with the following restrictions:

"The income therefrom shall be used by said board of trustees for such purpose or purposes as it deems proper.  The principal shall always be retained, managed, controlled, invested, and re-invested as said board of trustees, in its absolute judgment, shall deem to be for the best interests of said trust estate."

In the residuary clause of the will, the decedent's attorney was given the residue of the estate to be distributed by him "to such charitable institutions in Columbus. Ohio, as he shall deem proper."  His judgment in the matter was to be final.  The attorney, under the will, divided the

money among several charitable institutions in Columbus, Ohio, among which was the Central Presbyterian Church, which was the same Central Presbyterian Church that had received the specific bequest.

All of the other charitable institutions were deemed to be tax-exempt except the Central Presbyterian Church. Inasmuch as the Children's Hospital of Columbus, Ohio, was to obtain the remaining balance of the estate and, by a specific provision of the will, taxes were to be paid from the estate, the Children's Hospital filed exceptions to the determination of the inheritance tax made by the Probate Court, and this was joined in by the church.

It is apparent from a reading of the decision of the Probate Court that the basis for its ruling was that the church was an institution not only for charitable purposes but also for religious purposes and therefore not entitled to the exemption granted to "an institution for purposes only of public charity," as granted by §5731.09 R. C., in effect on the accrual date of the determination of the inheritance tax.

In their briefs both the appellant and the appellees cite many, many cases dealing with "religious and charitable institutions" and "institutions for purposes only of public charity." Apparently, the most recent decision of the Ohio Supreme Court dealing with the subject is **In re Estate of Seaman, 166 Oh St 51.** The syllabus in that case is as follows:

"1. Charitable purposes include religious purposes.

"2. An institution organized and conducted for charitable purposes is an institution for purposes of public charity if its benefits are open and available to the public generally.

"3. If the benefits of an institution organized and conducted for religious and other charitable purposes only are open and available to the public generally, such institution is an 'institution for purposes only of public charity' within the meaning of those words as used in §5334 GC (§5731.09 R. C.)."

While it might be true, as the dissenting opinion indicated, that the holding in the case might be "vulnerable to the charge of judicial legislation," it is the last pronouncement of the court on the subject.

It would appear from the record taken in this case that the Central Presbyterian Church is conducted for both charitable and religious purposes, and the record does indicate that these benefits are open and available to the public generally. In the Seaman case the bequest was to the Salvation Army, which the court found to be not only a religious group but also a charitable group and property received by them used for both purposes and thus exempt from the inheritance tax. It is apparent that the Supreme Court desired to include all religious institutions within the exemptions granted by §5731.09 R. C., so long as the benefits were open and available to the public generally. The case does not limit itself to the Salvation Army, and from the record it would appear that the Central Presbyterian Church is entitled to the same exemption.

Judgment reversed and cause remanded.

BRYANT, PJ, WISEMAN, J, concur.