Luce, Estate of, In re: Saum, Executor, Exceptee-Appellant, v. Bowers, Tax Commissioner, Exceptor-Appellee.

Ohio Appeals, Tenth District, Franklin County.

No. 6684.  Decided February 13, 1962.

182

*Mr. Lawrence C. Pretzman*, for exceptee-appellant.

*Mr. Mark McElroy*, attorney general, and *Mr. John J. Lokos*, assistant attorney general, for exceptor-appellee.

(COLLIER and BROWN, JJ., of the Fourth District, sitting by designation in the Tenth District.)

BROWN, J. This is an appeal on questions of law from the judgment of the Probate Court of Franklin County sustaining exceptions of the Tax Commissioner to an order determining the inheritance tax in the estate of George E. Luce, deceased.

The record discloses that the decedent, a resident of Columbus, Ohio, died testate on November 19, 1959. On November 25, 1959, his will was admitted to probate.

Item XVI of this will, which bequeaths $292,270.00, reads as follows:

"All the rest, residue and remainder of my estate I give and bequeath to Dessie M. Saum, to be expended by her for any charity or charities that she may select and as a memorial to me."

All of the questions involved in this appeal relate to the taxation of this bequest.

On June 8, 1960, a journal entry determining inheritance tax was filed in the Probate Court, taxing this portion at the highest rate. On June 9, 1960, a second journal entry deter-

mining inheritance tax was filed setting aside the June 8 determination and entering instead a "high-low" determination, the high determination taxing the bequest at the highest rate and the low determination exempting it altogether from tax.

The executor then filed exceptions to the determination at the highest rate. The State of Ohio, in turn, filed exceptions, which are in substance as follows:

"(1) Excepting to the allowance of an extra-ordinary fiduciary fee as a deduction in the amount of $41,164.73.

"(2) Excepting to the computation on a high-low entry on the ground that this is not an estate against which an inheritance tax is being assessed under Section 5731.28, Revised Code."

On November 30, 1960, the Probate Court sustained both exceptions of the State of Ohio, and ordered the Ohio Inheritance Tax redetermined. Thereafter, this appeal was undertaken.

The first assignment of error is that the Probate Court erred in disregarding Section 5731.28, Revised Code, which is the statute providing for Taxation of Estates Dependent Upon Conditions: Refunds, and is applicable to contingency in Item XVI of the George E. Luce will, which is mandatory and not directory.

Section 5731.28, Revised Code, provides:

"When, upon any succession, the rights, interests, or estates of the successors are dependent upon contingencies or conditions by which they may be wholly or in part created, defeated, extended, or abridged, a tax shall be imposed upon such successions at the highest rate which, on the happening of such contingencies or conditions, would be possible under Sections 5731.01 to 5731.56, inclusive, Revised Code, and such taxes shall be due and payable forthwith out of the property passing, and the probate court shall enter a temporary order determining the amount of such taxes in accordance with this section; but on the happening of any contingency by which said property, or any part thereof, passes so that such ultimate succession would be exempt from taxation under such sections, or taxable at a rate less than that so imposed and paid, the successor shall be entitled to a refund of the difference between the amount so paid and the amount payable on the ultimate succession under

such sections, without interest. The executor or trustee shall, immediately upon the happening of such contingencies or conditions, apply to the probate court of the proper county, upon a verified petition setting forth all the facts, and giving at least ten days' notice by mail to all interested parties, for an order modifying the temporary order of said probate court, so as to provide for a final assessment and determination of the taxes in accordance with such ultimate succession. Such refund shall be made in the manner provided by Section 5731.20, Revised Code.''

Assuming Section 5731.28, Revised Code, is mandatory and not directory, does Item XVI of the will set forth a contingency or condition of the nature contemplated by the statute?

Clearly the residue is bequeathed to Dessie M. Saum, in her representative capacity as trustee, with a charge that she expend the same on any charity or charities that she may select and as a memorial to George E. Luce.

In this succession, the rights, interests or estates of the successors are not dependent on conditions or contingencies by which they may be wholly or in part created, defeated, extended, or abridged. Title to the residue is vested in Dessie M. Saum as trustee for the purpose of carrying out the trust.

The contingency or condition referred to in this section is the technical type of contingency or condition which may vest, divert, or diminish as in the case of a will devising a widow a life estate in real property with power to consume, if necessary, for her support with remainder, if any, to two daughters. See *Gregg* v. *Tax Commission*, 16 Ohio Opinions (2d), 268.

They are used in the sense usually employed in conveyancing and with reference to the divesting or diminution of a presently vested or enjoyed estate by the vesting or coming into being of a contingent or conditional future estate. See *In re Wills*, 34 Cal. (2d), 782, 786; 215 P. (2d), 453, 456.

The Supreme Court of Ohio has interpreted this section in the case of *Wonderly* v. *Tax Commission of Ohio*, 112 Ohio St., 233, 238, as follows:

''It is to be noted that the foregoing section relates to succession rights or interests in an estate which are dependent upon 'contingencies or conditions whereby they may be * * * created, defeated, extended or abridged.' Applying this lan-

guage to the case at bar, the estates in the brothers and sisters are to be 'created' upon the contingency of Wilbur Francis Kingseed dying 'before arriving at the age of twenty-five years without leaving living heirs of his body,' and the estate of Wilbur Francis Kingseed may be 'defeated' by the same contingency, and the law provides for each of above contingencies that the tax shall be imposed upon such passing of property in possession or enjoyment, present or future, at the highest rate; in other words, when it appears that any successions are dependent upon a contingency, the rate that will make the highest return to the State by way of inheritance tax must be the one adopted, and such taxes shall be due and payable forthwith, subject to the refunder provided, etc.''

So, in the instant case, the remainder of the daughters in the real estate may be defeated in whole or in part by the exercise of the power to consume by the widow.

The purpose of the temporary order is set forth in the *Wonderly case, supra,* at p. 244, as follows:

''* * * The frank purpose of the inheritance tax law seems to be to secure for the state the highest rate of taxation that any given succession is justly susceptible of in the legislative mind, and to secure the same to the state at the earliest moment, subject to such refunders as the Legislature has seen fit to allow. If its provisions seem harsh, the place to seek the remedy is in the Legislature and not in the courts. Judicial interpretation must be based upon legislative enactment, as the same is found in the statute books.''

No such condition or contingency is present here. The residue is vested in Dessie M. Saum as trustee, so Section 5731.28, supra, Revised Code, is inapplicable. This assignment of error is overruled.

The sixth assignment of error is that the Probate Court erred in approving an entry authorizing the high-low determination of the Ohio inheritance tax on the residue June 9, 1960, and reversing same on sustaining of exceptions of Tax Commissioner November 30, 1960.

Inasmuch as we have determined that Section 5731.28, supra, Revised Code, is inapplicable, the taxation of Item XVI of the estate of George E. Luce, deceased, must necessarily, unless it is exempt from taxation, be governed by Section

5731.02, Revised Code. In view of our so holding supra, this assignment of error is overruled.

As his second assignment of error, appellant asserts that the Probate Court erred in its decision to tax all the residue under Item XVI of George E. Luce's will, contrary to the Ohio law and legal authorities and in cases decided by the Court of Appeals and the Supreme Court of Ohio.

In order to avoid taxation of the residue, the latter must qualify as an exempt charity under Section 5731.09, Revised Code, which in part reads as follows:

"The succession of any property if passed to or for the use of the state, to or for the use of municipal corporation or other political subdivision thereof for exclusively public purposes, or any public institution of learning or any public hospital not for profit * * * within any state of the United States, which state does not impose an inheritance, estate or transfer tax on property given, devised, or bequeathed by a resident thereof to an institution of learning, or any public hospital not for profit, * * * within this state, or to or for the use of an institution for purposes only of public charity, carried on in whole or in a substantial part within this state, * * *."

The Probate Court found:

"The language of Item XVI of the will is unambiguous. The residuary estate as such was not left to any public charity. The power of choice is solely in Dessie M. Saum. She could according to her own choosing, select all exempt charities, or partly exempt charities, or all non-exempt charities. She could invest it in charities established outside the state of Ohio."

Since no geographical limitation on the discretion of the trustee is set forth in Item XVI of George E. Luce's will, we and confronted with *Tax Commission of Ohio* v. *Paxson, Admr., et al.*, 118 Ohio St., 36. In that case the will of the decedent contained the following provision:

" 'I, therefore, and to that end, give and bequeath to Dr. L. L. Brock, Pearce C. Ballard and H. H. Sanderson, as trustees, in trust for the uses and purposes in this item mentioned, the sum of twenty thousand dollars ($20,000). My said trustees are directed to invest said fund in such manner as in their judgment is secure, and expend the net income therefrom from time to time as occasion may arise in procuring medical serv-

ices, board, lodging and nursing for worthy, needy, afflicted persons whose financial condition is such that they are unable, in whole or in part, to themselves procure the same. And I direct that said trustees and their successors shall be the sole judges as to the persons qualified and entitled to have the benefits of said fund, and the purposes for which said expenditures shall be made, within the general spirit of the purposes for which this bequest is made.' ''

This court held that the succession so created was not exempt from taxation, and in the opinion of Allen, J., the following statement appears at page 40:

''* * * Under this provision the trustees might decide to pay the income wholly to a beneficiary or beneficiaries in Indiana, California, or Alaska, in which case certainly the charity would not be 'carried on in whole or in substantial part within this state,' as required by Section 5334, General Code.'' (Now Section 5731.09, Revised Code.)

Judge Matthias held the test of exemption to be *In re Estate of Bremer, et al., v. Bowers, Tax Commr.*, 166 Ohio St., 233:

''1. In order for a succession to be exempt from taxation under the provision of Section 5731.09, Revised Code, that it is 'to or for the use of an institution only of public charity, carried on in whole or in a substantial part within this state,' (1) it must be created to or for use of an institution for the purposes of public charity, and (2) such public charity must be carried on in whole or in a substantial part within this state.''

Granting Dessie M. Saum is a trustee and therefore an institution under Section 5371.09, Revised Code (see *In re Estate of Oglebay*, 162 Ohio St., 1, 6), the will nowhere requires that the use or benefit of the succession be carried on in whole or any part within this state.

It seems clear therefore that the language used by the testator does not qualify as an exemption from taxation of this bequest under Section 5731.09, Revised Code.

One seeking to have property exempted from taxation has the burden of showing that such property comes squarely within the exemptions provided by law.

*In re Estate of Salisbury*, 90 Ohio App., 17.

Since appellant has not met this burden, this assignment will be overruled.

Assignment three is that the Probate Court erred in its decision that the will of George E. Luce (Item XVI thereof) must establish the use to make the bequest exempt.

It has long been the law of Ohio that succession taxes, with reference to testamentary gifts, are taxes on the passage of the property of a deceased person, and a claim that a testamentary gift is exempt from the succession tax must be determined by the circumstances existing at the date of the testator's death.

See *Tax Commission* v. *Securities Savings Bank & Trust Co. of Toledo, Trustee*, 117 Ohio St., 443; 159 N. E., 570; *Tax Commission* v. *Paxson, Admr., et al.*, 118 Ohio St., 36; 160 N. E., 468, and *In re Estate of Oglebay*, 162 Ohio St., 1, 6; 53 Ohio Opinions, 448.

As seen supra the burden of showing Item XVI exempt from taxation lies with appellant. This court cannot rewrite the testator's will to qualify Item XVI for exemption under the Ohio Inheritance Tax Law.

In view of the purpose of the Inheritance Tax Law, and the test of exemption set forth in *In re Bremer, supra*, therefore, we find no error in the lower court's ruling. The remedy lies with the Legislature and in clearer testamentary draftsmanship. Item XVI places no limitation on the trustee requiring her to utilize an exempt institution.

The fourth assignment of error is that the Probate Court erred in its decision that the case of *In re Estate of Miller*, 171 Ohio St., 202, involved the specific bequest to the Board of Trustees only when it also involved the residue of decedent's estate.

*In re Estate of Miller*, 171 Ohio St., 202, is the case which the Probate Court in its opinion below held not determinative of this case, since the only matter determined by the Supreme Court was the exemption under Section 5731.09, Revised Code, of the specific bequest given to the Board of Trustees of the Central Presbyterian Church of Columbus. It did not construe the residuary clause of the will in which the decedent gave to her attorney the residue of her estate to be distributed by him to such charitable institutions in Columbus as he shall deem proper. A careful reading of *In re Estate of Miller, supra*, indicates that that was the only issue before the Supreme Court.

However, in *In re Estate of Miller*, 82 Ohio Law Abs., 95, which is the report of the Tenth District Court of Appeals opinion by Judge Duffy, it states:

"In the residuary clause of the will, the decedent's attorney was given the residue of the estate to be distributed by him 'to such charitable institutions in Columbus, Ohio, as he shall deem proper.' His judgment in the matter was to be final. The attorney, under the will, divided the money among several charitable institutions in Columbus, Ohio, among which was the Central Presbyterian Church, which was the same Central Presbyterian Church that had received the special bequest."

There is no indication that the taxability of the residue, in *In re Miller, supra*, was determined on the basis of the use to which the residue was distributed because of the selection of exempt charitable institutions by the attorney trustee. The language of the will in that case limiting the trustee to a distribution "to such charitable institutions in Columbus, Ohio" could have been deemed sufficient to comply with the provisions of Section 5731.03, Revised Code. There is nothing in the record before us to deem otherwise.

Certainly there is no expression in either the Court of Appeals opinion or the Supreme Court opinion that the test of taxability depended upon the use to which Willis Liggett put the residue. The determination was made on the basis of the language of the will. To do otherwise would be completely in conflict with *In re Paxson case, supra*, and all other Ohio precedents, and would be the worst form of judicial legislation.

In addition, from the opinion in *In re Estate of Miller*, 82 Ohio Law Abs., 95, the situation was different from the case under consideration in another respect. In that case the trustee had acted and made distribution. In this case, in view of the non-action of the trustee, there is no other possible basis at this time to assess the tax except at the highest rate under Section 5731.02, Revised Code. This assignment of error is overruled.

The fifth assignment of error is that the Probate Court erred in determining that all of the residue on Item XVI was chargeable to Dessie M. Saum as an individual beneficiary thereof, when in reality, Item XVI creates a trust in Dessie M. Saum for the benefit of and to be expended by her for any

charity, or charities that she may select, and as a memorial to him.

In order to create a trust estate by will, no particular form of words is to be used. The intention of the testator determines whether a trust has been created. When from all the terms and the entire scope of a will it appears that the testator intended to charge property in the hands of his immediate devisee with a trust in favor of third persons, courts will give effect to that intention, whether the terms used by the testator be, in form, dispositive, peremptory, or precatory only. Ordinarily, whenever a person by will gives property, and points out the object, the property, and the way it should go, a trust is created. See 41 Ohio Jurisprudence, 815.

We are of the opinion that Item XVI of the will of George E. Luce created a testamentary, charitable trust, naming Dessie M. Saum as trustee of the residue of his estate for the purpose of being expended by her for any charity or charities that she may select and as a memorial to Mr. Luce. Although there is no particular type of charity designated for which the property is to be devoted, the trust will not fail.

A charitable trust can be created although there is no definite or definitely ascertainable beneficiary designated. See 2 Reinstatement of Trusts, Section 364.

In *Palmer* v. *Oiler*, 102 Ohio St., 271; 131 N. E., 362, the residue of the estate of Adelcia Bitzer was given "to the Cleveland Trust Company to be devoted to needy and poor women." It was held to create a charitable gift, and although no express power of selection was given to the testamentary trustee, such authority was implied.

The order appealed from was the entry of November 30, 1960, sustaining the exemptions of the State of Ohio and ordering the Ohio inheritance tax redetermined. No specific finding was made by the Probate Court charging Dessie M. Saum as an individual and not as a trustee. To the extent that such determination is applicable in carrying out the order to determine the inheritance tax, appellant should consider Dessie M. Saum as a trustee entitled to any benefits properly accruing from acting in such capacity. To this extent, the fifth assignment of error is sustained, and the judgment of the Probate Court will be modified.

Assignment seven is that the Probate Court erred in re-

spect to other errors manifest from the record. Our examination fails to disclose the same, so this assignment of error is overruled.

Accordingly, the judgment of the Probate Court is affirmed and modified only to the extent of determining that Item XVI of the will of George E. Luce, deceased, creates a trust with Dessie M. Saum as trustee. This cause, therefore, is remanded to the Probate Court of Franklin County, Ohio for redetermination of the Ohio Inheritance Tax in accordance with the Journal Entry of November 30, 1960 of the Probate Court of Franklin County, Ohio, and with this opinion.

Affirmed and modified.

DUFFEY, P. J., and COLLIER, J., concur.