Argued April 1, reversed April 22, 1964

IN THE MATTER OF THE ESTATE OF
MILDRED LITSTER, DECEASED.
U. S. NATIONAL BANK *v.* BELTON
391 P. 2d 611

*Theodore W. Phillips,* Medford, argued the cause for appellant. With him on the briefs was Robert R. Dickey, Medford.

On the brief for respondent were Robert Y. Thornton, Attorney General, Salem, and C. Parker Gies, Special Assistant Attorney General, Salem.

Before McALLISTER, Chief Justice, and ROSSMAN, PERRY, O'CONNELL and DENECKE, Justices.

O'CONNELL, J.

This is an appeal from a decree of the Jackson county circuit court disallowing a claimed exemption under the Oregon inheritance tax law.

Mildred Litster created the "Litster Scholarship Trust" which provides that the income and under certain circumstances the corpus of the trust is to be used annually to pay scholarship awards authorized by a scholarship committee. Clause (d) of the trust provides, as follows:

"(d) The scholarship awards are to be made to young men and young women who are in the graduating class or who have already graduated from Crater High School in Central Point, Oregon, or such other High School as may succeed Crater High School as the High School for the Gold Hill area, to enable them or to assist them in completing their first two years of college studies in a college or university."

The question is whether the trust is exempt under ORS 118.020 (1) (c), which reads as follows:

"Devises, bequests, legacies and gifts are ex-

empt from taxation * * * if made * * * [t]o a person or persons or association of persons in trust for benevolent, charitable, religious, scientific or educational uses within this state."

The trust is clearly for an educational purpose. The only question is whether it is for "educational uses within the state."

■ The trial court, relying upon *Unander v. U. S. National Bank, et al,* 224 Or 144, 355 P2d 729 (1960), decided that the bequest was not for an educational use within the state. We are of the opinion that the *Unander* case is distinguishable and that the bequest is exempt from the inheritance tax.

There was nothing in the Unander trust to identify the trust purpose with any educational objective to be carried out in the state of Oregon. The trust monies could be used outside of Oregon for the education of persons who were not in any way identified with Oregon or its educational program.

■■ In the case at bar the trust is limited to persons identified with a specific high school serving a designated educational area of this state. We do not regard ORS 118.020 (1) (c) as requiring the use of the trust funds themselves within the state of Oregon; the money may be used outside the state if a substantial educational objective is served within the state. Such an objective is served under the Litster Scholarship Trust. The prospect of a Litster scholarship serves as an incentive for students in the Gold Hill area to make a good scholastic record. Through this incentive the educational product of the high school in that area is improved. Money used to improve the quality of education in a particular area of the state is for an "educational use[s] within this state."

Defendant argues that since all of the trust funds could be used to provide scholarships for those who had already graduated from the Crater High School and had established residence in another state, the trust is subject to the same interpretation as that which we applied in the *Unander* case. Since we identify the educational use with the improvement of the educational program of the high school in the Gold Hill area through the incentive provided by the Litster scholarship, it is immaterial whether the graduate of that school is or is not a resident of Oregon at the time the award is made. Moreover, the *Unander* case is distinguishable even if we were to disregard the incentive for local scholastic improvement which the Litster trust creates. The trust in the *Unander* case does not evidence an intent on the part of the settlor to regard residence in Oregon as a consideration in making the trust fund available to eligible students. Under the Litster trust the recipient is not eligible unless he was an Oregon resident at one time because graduation from the Crater High School is a prerequisite to eligibility for a scholarship award under the trust, although he need not be a resident at the time he is selected by the Litster Scholarship Committee. And conceding that the funds of the Litster trust may be used for the benefit of a non-resident, it is almost certain that in the administration of the trust a very large percentage of the recipients of the scholarship awards will be Oregon residents. The possibility that the scholarship committee might occasionally make an award to a person not a resident of Oregon is not sufficient to frustrate the settlor's predominant purpose to benefit resident graduates of an Oregon high school.

The judgment is reversed.