# FIRST NATIONAL BANK OF OREGON, PERSONAL REPRESENTATIVE OF THE ESTATE OF SIDNEY BLISS *v.* DEPARTMENT OF REVENUE

William H. Ferguson, Grant, Ferguson & Carter, Medford, represented plaintiff.

Walter J. Apley, Assistant Attorney General, Salem, represented defendant.

Decision for plaintiff rendered October 24, 1975.

CARLISLE B. ROBERTS, Judge.

The plaintiff appealed from the defendant's Order No. IH 74-6, dated September 5, 1974, imposing an inheritance tax deficiency under ORS 118.010, based on denial of a claim of credit for a charitable exemption under ORS 118.020.

The question before the court hinges on the ninth clause of the last will and testament of the decedent:

"All the rest, residue and remainder of my estate, whether real, personal or mixed, and wheresoever situated, I give, devise and bequeath unto [three named beneficiaries], * * * *and a school, college or university student loan fund to be named by my son, Ernest L. Bliss,* share and share alike. * * *" (Emphasis supplied.)

Plaintiff's complaint asserts, and defendant admits, that, in compliance with the ninth clause, the decedent's son appointed and selected the University

of Chicago Student Loan Fund to receive the one-quarter residual interest in the decedent's estate, and made payment thereto.

It is not disputed that this one-quarter of the residual estate passed pursuant to ORS 118.010(1) and that the bequest to the loan fund was "charitable" in the usual sense. The reasoning of the defendant's order, denying the credit, is recited in its opinion, as follows:

> "Since this bequest is not limited to use within a state or territory of the United States, as required by ORS 118.020(5) [sic; see ORS 118.020 (1)(e)], it does not qualify for a tax credit. This is so because we are required to look at the rights of the parties as of the date of death of the decedent and not to facts which may occur subsequently such as an appointment by the son to a properly qualified charity. The donee of a special power of appointment is but an agent of the donor, and the title to the property never actually vests in him. The general principle is well established that the rights of parties under an inheritance tax statute are determined as of the date of the death of the decedent without any power of the legatees by their acts to affect [sic] a change. * * *" (Citing *In re Jussen's Estate*, 263 Wis 274, 57 NW2d 343, 345 (1953).)

The defendant's order also recites as authority for its position the cases of *In re Luce's Estate*, 116 Ohio App 420, 185 NE2d 559 (1962), and *Unander v. U.S. Nat'l Bank et al*, 224 Or 144, 355 P2d 729 (1960). Defendant's brief, in addition to the foregoing decisions, cites *U.S. National Bank v. Belton*, 237 Or 368, 391 P2d 611 (1964).

Defendant's theory in the case is thus stated: The bequest, in so many words, is not limited to use within

a state or territory, as required by ORS 118.020(1) (e); consequently, it does not qualify for a tax credit since the rights of the parties must be determined as of the date of death and "legatees," by their own acts, cannot effect a change.

The complaint indicates that inheritance tax has been charged at the nonrelative rate established by ORS 118.100(3) as if the decedent's son took the bequest as a trustee or under a general power (although defendant recognizes in its brief that no general power is present).

■ We are dealing with a special power of appointment. (As counsel for defendant has conceded: "There is no question that in the instant case, the only right that the decedent's son has is the matter of selecting a beneficiary of a student loan fund. * * *"). *See* 62 Am Jur2d *Powers of Appointment and Alienation* § 2 (1972), and cases cited therein. Section 2 states:

> "Special or limited powers of appointment have been defined as those in which the donee of the power is restricted to passing on the property to certain specified individuals, or to a specific class of individuals, or to any beneficiaries except those specifically excluded, or in which the donee can exercise the power only for certain named purposes, or under certain conditions."

The Oregon inheritance tax law, ORS 118.010, particularly refers to and defines a general power but contains nothing about special powers of appointment. One must conclude that the situation presented in the present case is not clearly adverted to by the provisions of ORS 118.005 *et seq.*, and the determination of the question before the court must be based on general principles.

■ The common law rule is that a power of ap-

pointment, general or special, is not property.[①] The case of *Gildersleeve v. Lee,* 100 Or 578, 198 P 246 (1921), held that a right of disposition is not property but a mere authority.

The gift contemplated by the decedent herein was narrowly limited to "a school, college or university student loan fund." As defendant has contended, it was not restricted to payment to a society, association or corporation operating under the laws of or within a state or territory of the United States, as required by ORS 118.020(1)(e). Can the fact that the donee of the power selected an eligible corporation, situated within the United States, meet Oregon's statutory requirements by a "relation back" of the selection to the date of decedent's death?

An affirmative answer appears to be required by the present Oregon law. A brief history of the doctrine of relation back is found in 3 Powell, *Law of Real Property* § 387 (1974):

"The history of powers of appointment has caused courts constantly to reiterate the idea that an appointee takes from the donor rather than from the donee. By the middle of the eighteenth century this idea had come to be sometimes expressed in terms of the doctrine of 'relation back.' Thus the act of exercise was literally read back into the instrument creating the power as if the donee had been a pen filling in a blank of the original instrument. * * * So persuasive has been this historical agency approach that it is safe advice to a present-day lawyer that it can be expected to apply to any problem arising today unless a statute has changed the law or the case falls into

[①] Oregon, with many other states, has changed the common law rule as to a general power of appointment for inheritance tax purposes, treating the property subject to appointment as passing from the decedent to the donee of the power. ORS 118.010.

some category as to which the courts have made the major wrench of departing from history for the attainment of ends served by treating the donee as having ownership of the appointive assets."

The author then asserts that departures from the old doctrine of relation back have been particularly marked with respect to general powers, presently exercisable. (*Cf.* the reference to the general power in ORS 118.010, *supra.*)

In this case, the court has not been advised of any applicable curtailment in the Oregon statute or case law with respect to a special power of appointment created by the language used in clause nine of the decedent's will. The doctrine of relation back, therefore, is part of Oregon's law.

▮ Under the theory adopted by this court, the donee of the power, although a fiduciary with a specific and limited power, was not a trustee. For these reasons and others, the cases cited by the defendant in its order and brief (*In re Jussen, supra; In re Luce's Estate, supra; Unander v. U.S. Nat'l Bank et al, supra;* and *U.S. National Bank v. Belton, supra*) are distinguishable and are not persuasive in the present suit because they relate to gifts in trust in which the trustee uses the property for charitable purposes. The present case involves only a special power of appointment. No property vested in the donee of the power.

▮ It is obvious, in the court's view, that at the exact time of the death of the testator, leaving a will containing the special power of appointment, the amount of inheritance tax could not be fixed with certainty. It was necessary that the power be exercised. The will of the decedent vested in the son a special

power of appointment, limited to the selection of a proper entity which, on acceptance of the bequest, was required to make charitable use of the property in accordance with its corporate purpose. Under the doctrine of relation back, the selection of the University of Chicago, under the mandatory power expressed in the will and the transfer of the bequest to it,[2] constituted selection by the testator as if the university had been named in the will. Therefore, at the time transfer of the bequest to the university took place, the facts necessary to determine the tax status of the bequest were wholly available for the first time. Such transfer must then be held exempt under ORS 118.020(1)(e). *See G.A.C. Halff Foundation v. Calvert,* 281 SW2d 178 (Tex App 1955).

■■ It is "a commonplace rule of law to observe, in the interpretation of the provisions of a will, that the intention of the testator as therein expressed must prevail. * * *" *Gildersleeve v. Lee, supra,* 100 Or at 584. The testator left testamentary instructions to his son to carry out the testator's intent to make a charitable gift which, if spelled out in the will in detail, could give rise to a tax credit under paragraph (a) or (e) of ORS 118.020(1). Under the doctrine of relation back, the donee figuratively filled in the blank of the original instrument to comply with the requirements of ORS 118.020(1)(e). The testator's will thus being done, it is proper for the estate to enjoy the tax credit which the legislature intended to grant.

---

[2] When a tax is imposed on a *transfer* of property under an inheritance tax act, a transfer is essential to the tax. The tax is imposed on the right of succession and the rate of tax is fixed by the value of the property and the relation of the transferee to the grantor, testator or decedent. The state's right to tax does not vest until there is a transfer. *The People v. Flanagin,* 331 Ill 203, 162 NE 848 (1928).

The defendant's Order No. IH 74-6, dated September 5, 1974, and its Notice of Determination and Assessment of Inheritance Tax, No. 191194, are vacated and set aside. The defendant shall abate the tax and interest by making such adjustments in its records as required by this decision.

Plaintiff is entitled to its costs and reasonable attorney fees.