IN RE ESTATE OF ROTHENBUECHER: EVATT, TAX COMMR., APPELLANT, *v*. THE SECURITY CENTRAL NATIONAL BANK OF PORTSMOUTH, EXR., APPELLEE.

(No. 514—Decided March 20, 1945.)

*Mr. Joseph F. Ford* and *Mr. Parker L. Snyder,* for appellant.

*Messrs. Miller, Searl & Fitch,* for appellee.

GILLEN, J. This appeal upon questions of law is from a judgment of the Probate Court of Scioto county,

Ohio, exempting proceeds of life insurance from the payment of inheritance tax and overruling appellant's exceptions with respect thereto. It appears from the record that Joseph J. Rothenbuecher, decedent, during his lifetime, from 1909 to 1932, contracted for nine policies of insurance of varying amounts and types. The named beneficiaries at the time of issue of the policies were either the estate of decedent or his sisters, Elizabeth C. Rothenbuecher and Anna M. Rothenbuecher. From time to time certain changes were made with respect to the beneficiaries and during the month of January 1933, decedent, by notice to the various insurers, caused the named beneficiaries in the various policies to be changed to The Security Central National Bank of Portsmouth, Ohio, a corporation, as trustee. In all the policies except two, in designating The Security Central National Bank of Portsmouth as trustee, reference was also made to the trust created by the provisions of decedent's will. On the 29th day of December 1932, decedent executed his last will and testament, item III of which reads in part as follows:

"I give, bequeath and devise all the residue and remainder of my estate to The Security Central National Bank of Portsmouth, as trustee, in trust, as a trust estate, for the uses and purposes and to be administered as herein set out.

"I direct that said trustee, upon my death, make proper proof of my death and collect all moneys due under any life insurance policies upon my life, the beneficiaries of which are said trustee or my estate, and collect all moneys due under any life insurance policies upon my life, to any of the proceeds of which my estate may be entitled. * * *"

The item further provides for the distribution of the trust estate. The Security Central National Bank

of Portsmouth was also appointed executor of the will. The value of the residuary gift to the trust was $10,133.08 and the proceeds of insurance policies amounted to $17,766.29. The question thus presented is whether the proceeds of insurance are subject to the payment of inheritance tax. Section 5332, General Code, provides in part as follows:

"A tax is hereby levied upon the succession to any property passing, in trust or otherwise, to or for the use of a person, institution or corporation, in the following cases:

"1. When the succession is by will or by the intestate laws of this state from a person who was a resident of this state at the time of his death.

"2. When the succession is by will or by the intestate laws of this state or another state or country, to property within this state, from a person who was not a resident of this state at the time of his death.

"3. When the succession is to property from a resident, or to property within this state from a nonresident, by deed, grant, sale, assignment or gift, made without a valuable consideration substantially equivalent in money or money's worth to the full value of such property:

"(a) In contemplation of the death of the grantor, vendor, assignor, or donor, or

"(b) Intended to take effect in possession or enjoyment at or after such death."

Section 5332-4, General Code, effective July 24, 1931, provides:

"Proceeds of policies of life insurance payable on the death of the insured otherwise than to the estate of the insured, shall not be considered as property passing within the meaning of Section 5332, whether paid directly by the insurer to the beneficiaries designated in such policies or to a trustee designated there-

in, and to be held and managed by such trustee and distributed to designated beneficiaries under an agreement or declaration of trust in the manner as may have been prescribed by the insured in said agreement or declaration of trust.''

Prior to the enactment of this statute the proceeds of life insurance where paid to a named beneficiary were not subjected to the payment of inheritance tax in Ohio, on advice of the Attorney General. See Vol. 2, Opinions of Attorney General (1919), 1142, No. 638. However, where the proceeds were made payable to the estate of the insured there was held to be a taxable succession. The reason for the distinction is obvious. Under Section 5332, General Code, the conveyance in order to be within the act must be by will, the intestate laws or by deed, grant, sale, assignment or gift, made in contemplation of death. Where the proceeds are paid to the beneficiary named in the policy of insurance the transaction is based upon a contract entered into for valuable consideration. Where the proceeds are paid to the estate of a decedent the recipients take by virtue of one of the means of conveyance mentioned in Section 5332, General Code. Prior to the enactment of Section 5332-4, General Code, the taxing authorities in this state followed the advice of the Attorney General of Ohio (Vol. 2, Opinions of Attorney General [1921], 1082, No. 2651) to the end that a taxable succession arose where insurance policies were payable to a trustee, and by him distributed in accordance with the decedent's will. The Legislature undoubtedly had knowledge of this procedure at the time of the enactment of Section 5332-4, General Code. We do not consider the language of this statute to be ambiguous. It merely provides for two classes of exemptions and clearly sets forth the terms of those exemptions. *First,* it excludes from taxation proceeds from policies made payable to a named bene-

ficiary. *Second,* it excludes from taxation proceeds from policies paid directly by the insurer to a trustee designated therein, and to be held and managed by such trustee and distributed to designated beneficiaries under an agreement or declaration of trust in the manner as may have been prescribed by the insured in such agreement or declaration of trust. It is with the latter class of exemptions that we are here concerned. The statute contemplates the creation of a trust *inter vivos* and does not exempt a trust to be established at some later date pursuant to the provisions of decedent's will. The language of the statute clearly says that the designated trustee shall hold, manage and distribute the proceeds under an agreement or declaration of trust in the manner as may have been prescribed by the insured in the agreement or declaration of trust. In the instant case no agreement or declaration of trust existed until after the death of testator. Item III of the will provided for the commingling of the proceeds of the insurance with the residue of the estate. The entire fund was held and distributed by the trustee under the same arrangement. The result of this plan was exactly the same as though the proceeds had been made payable to the estate. The ultimate beneficiaries received the benefits under the terms of the will and not by virtue of an agreement or declaration of trust as specified in Section 5332-4, General Code.

A similar conclusion was reached by the court in the case of *Myers's Estate,* 309 Pa., 581, 164 A., 611, where the statute under consideration reads as follows:

"The proceeds of policies of life insurance, payable otherwise than to the estate of the insured, and whether paid directly by the insurer to beneficiaries designated in the policies, or to a trustee designated there-

in, and held, managed, and distributed by such trustee to or for the benefit of such persons or classes of persons under such plan and in such estates as may have been prescribed by the insured under agreement with such trustee, shall not be included in imposing any tax under this section.''

Applying the statute to the facts under consideration which are very similar to those in the instant case, the court held that only where the trust instrument is complete in itself by naming the beneficiaries of the proceeds of the policies is the fund realized from the policies free of tax. The policies of insurance issued to Joseph J. Rothenbuecher merely named The Security Central National Bank of Portsmouth as trustee and in order to determine the nature of the trust to be created at a later date it is necessary to turn to the will. Such a situation does not operate to create an existing trust within the contemplation of Section 5332-4, General Code. The proceeds from the policies are, therefore, taxable pursuant to the provisions of Section 5332, General Code.

The trial court committed prejudicial error by exempting the proceeds from inheritance tax and overruling appellant's exceptions. The judgment below will, therefore, be reversed and the cause remanded for further proceedings according to law.

*Judgment reversed.*

METCALF, P. J., and McCURDY, J., concur.