DOLBEER, DECEASED, ESTATE OF, IN RE. BOWERS, TAX COMMISSIONER, EXCEPTOR, *v.* DOLBEER, DECEASED, RESPONDENT.

Probate Court, Clark County.

No. 41322.   Decided March 13, 1962.

354

[REDACTED]

*Mr. John J. Dilenschneider,* assistant attorney general, for Tax Commissioner.

*Messrs. McKee, Schwer, Hicks, Taggart & Wehler,* for estate.

DETLING, J. This cause comes before this Court on exceptions to a finding dated April 12, 1961, determining inheritance tax on successions to the estate of Herbert Donald Dolbeer, deceased.

Herbert Donald Dolbeer died testate on October 1, 1960, while he was employed as General Manager of the Springfield Laundry Company. Item Two of the last will and testament of Herbert Donald Dolbeer reads as follows:

"ITEM II—All the property, real and personal, of every kind and description, wheresoever situate, which I may own, or have the right to dispose of at the time of my decease, I give, bequeath and devise to my wife, Sue Katherine Dolbeer, absolutely and in fee simple."

The minutes of the Springfield Laundry Company disclose the following action taken on March 7, 1955:

"It was moved and seconded (R. Keith Dolbeer and Jack Dolbeer) that the present insurance policy of $25,000.00 on the life of H. D. Dolbeer be increased to $50,000.00 with the Company as the beneficiary, the Company to pay H. D. Dolbeer's heir or heirs $5,000.00 per year for ten years until a total of $50,000.00 is paid. Also, that the Company take out an additional policy of $25,000.00 on the life of H. D. Dolbeer with the Company as the beneficiary and the Company to retain this amount to cover any loss during the establishment of new management. Premium $1100.00 per year. Motion passed by unanimous vote."

On the same day, the following contract was entered into between the Springfield Laundry Company and Herbert Donald Dolbeer:

"THIS AGREEMENT, entered into this 7th day of March, 1955, by and between The Springfield Laundry Company, a corporation organized and existing under the laws of the State of Ohio (hereinafter called the Company), party of the first part, and Herbert Donald Dolbeer, its General Manager (hereinafter called H. D. Dolbeer), party of the second part;

"WITNESSETH:

"Whereas, H. D. Dolbeer has been employed by the Company as its General Manager since September 15, 1937, and has managed the Company in a capable and efficient manner, resulting in substantial profits to the Company; and

"Whereas, the Company desires to retain the services of H. D. Dolbeer as general manager and realizes that if he were to enter into competition with the Company it would suffer financial loss; and

"Whereas, H. D. Dolbeer is willing to remain in the employment of the Company if the Company will agree to provide for his wife or other heirs or both, certain annual amounts, all in accordance with provisions and conditions set forth hereinafter;

"NOW THEREFORE, in consideration of the premises and the covenants and agreements herein set forth and for other good and valuable considerations, receipt of which is hereby acknowledged, the parties hereto covenant and agree as follows:

"1—The Company agrees to increase the amount of insurance held in its name on the life of H. D. Dolbeer, General Manager, to a total of Seventy Five Thousand Dollars ($75,000.00) and to keep such insurance in force until such time as (1) his death occurs, or (2) both parties agree to amendment or annulment of this covenant.

"2—In event of the death of H. D. Dolbeer, the Company agrees to pay his beneficiary, Sue K. Dolbeer, or if she should not survive him, his son Richard Donald Dolbeer and daughter Mary Kathryn Daily, the total sum of Fifty Thousand Dollars ($50,000.00). The payments are to be made at the rate of Five Thousand Dollars ($5,000.00) per year, payable on the first

business day of each year, commencing with the first business day of the year after the year of his death and continuing for ten years until the total sum of Fifty Thousand Dollars has been paid.

"3—H. D. Dolbeer agrees that he will not directly or in- directly enter into or in any manner take part in any business, profession, or other endeavor either as an employee, agent or independent contractor, owner or otherwise, in the city of Springfield, Ohio, or its environs, which in the opinion of the directors of the Company shall be in competition with the business of the Company, which opinion of the directors shall be final and conclusive for the purpose hereof.

"4—H. D. Dolbeer agrees that if he shall fail to observe any of the covenants of Article 3 hereof and shall continue to breach any covenant therein contained for a period of thirty (30) days after the Company has requested him to desist, then any of the provisions hereof to the contrary, notwithstanding, H. D. Dolbeer agrees that the agreement becomes null and void and the Company shall have no further liability hereunder.

"5—The Company agrees that it will not merge or consolidate unless and until such Corporation shall expressly assume the duties of the Company herein set forth.

"6—This agreement shall be binding upon the parties hereto, their heirs, executors, administrators or successors.

"7—This agreement shall be executed in duplicate, each copy of which when so executed and delivered shall be an original, but both copies shall, together, constitute one and the same instrument.

"IN WITNESS WHEREOF, the said Springfield Laundry Company has caused this agreement to be signed in its corporate name by its President, and impressed with its corporate seal, attested by its Secretary and its Treasurer, all as duly authorized by its Directors and the said Herbert Donald Dolbeer has hereunto set his name and seal, all as of the same day and year first above written."

On October 1, 1960, the date of death of Herbert Donald Dolbeer, the Springfield Laundry Company carried insurance in the amount of seventy-five thousand ($75,000.00) dollars, on the life of Herbert Donald Dolbeer, payable to the corporation as beneficiary.

It is the contention of the Exceptor, Tax Commissioner of Ohio, that the succession valued at fifty thousand ($50,000.00) dollars, passing to the decedent's widow, Sue K. Dolbeer (as provided by the contract between the deceased, and Springfield Laundry Company), be assessed inheritance tax pursuant to Section 5731.02, Revised Code, at the rates prescribed by Section 5731.12, Revised Code.

It is the contention of the Respondent, Estate of Herbert Donald Dolbeer, deceased, that such succession or proceeds are not taxable under Section 5731.02, Revised Code, or Section 5731.06, Revised Code. It is further contended that the contract between the decedent and Springfield Laundry Company has the essential elements of an insurance contract and therefore such proceeds are exempt from taxation. Respondent also contends that the proceeds of such contract are exempted from taxation because the effect of said contract was to create a trust by declaration, which permitted the Springfield Laundry Company to hold the proceeds from the designated insurance policies in trust for the benefit of the beneficiaries named in the contract.

The Springfield Laundry Company, an Ohio corporation, purchased life insurance policies, from the Massachusetts Mutual Life Insurance Company. These life insurance contracts insured the life of the decedent. The Springfield Laundry Company, paid the premium and was named beneficiary in the insurance contract. Authority of the corporation to do this was conferred in a resolution of the Board of Directors of the Springfield Laundry Company.

Section 5731.02, Revised Code, provides:

"A tax is hereby levied upon the succession to any property passing, in trust or otherwise, to or for the use of a person, institution, or corporation, in the following cases:

"(C) When the succession is to property from a resident, or to property within this state from a nonresident, by deed, grant, sale, assignment, or gift, made without a valuable consideration substantially equivalent in money or money's worth to the full value of such property;

"(2) Intended to take effect in possession or enjoyment at or after such death;"

It is well established law in the State of Ohio that our in-

heritance tax is a succession tax on the beneficial interest of each heir, legatee, devisee, or other beneficiary of a decedent's estate. It is not a tax on property. It is a tax upon the succession, or the right and privilege to receive property.

Our inheritance tax law has been intepreted to apply when death benefits are payable to designated beneficiaries under various pension and retirement plans. A reason for this is that a participant in any such plan has an economic interest, or property right, which vests prior to or at death. It is not material that there is a postponement of actual possession or enjoyment and that death occurs before or after retirement.

*Tax Commission* v. *Lamprecht,* 107 Ohio St., 535; *In re: Chadwick,* 167 Ohio St., 373; *Bowman* v. *Tax Commissioner,* 135 Ohio St., 295; *In re: Hess,* 21 Ohio Opinions, 110.

Section 5731.06, Revised Code, reads as follows:

"Proceeds of policies of life insurance payable on the death of the insured, other than to the estate of the insured, shall not be considered as property passing within the meaning of Section 5731.02, Revised Code, whether paid directly by the insurer to the beneficiaries designated in such policies or to a trustee designated therein to be held and managed by such trustee and distributed to designated beneficiaries under an agreement or declaration of trust in the manner prescribed by the insured in said agreement or declaration of trust."

Although Section 5731.06, Revised Code, excludes the proceeds of "policies of life insurance" the exclusion does not extend to every insurance contract. For example, certain annuity contracts might be classed as being in the nature of an investment rather than insurance. Death benefits paid to designated beneficiaries from insurance contracts providing annuity contracts have been held taxable.

In the case before this Court, contracts of insurance were involved. The contracts were between the Springfield Laundry Company and the insurance company. The proceeds of insurance when paid to the corporation could have been used for purposes other than carrying out the contract. The insurance company owed no obligation to the deceased's widow. This life insurance contract was not the basis for providing the benefits, or property rights to the deceased's widow. The basis for her

rights was the contract between the Springfield Laundry Company and the deceased. This contract was not an insurance contract. The fact that an insurance company was involved is not controlling. The same legal relationship that exists between a life insurance company and an insured is lacking in many respects, not least important of which would be the rules and regulations for operation prescribed by the State of Ohio. If the decedent had entered into a life insurance contract with a life insurance company, and designated his widow, as beneficiary, the proceeds payable to such widow at his death clearly would not have constituted a taxable succession. The decedent, however, did not choose to do this. Instead, he chose to negotiate a contract with the Springfield Laundry Company. This corporation secured insurance policies to perform its obligations under the contract. The insurance proceeds were or could have been commingled with the assets of the corporation. The corporation received complete control and ownership of these funds. If any of the proceeds of the insurance policies passed to the deceased's widow, it was not by reason of inheritance, not because they are a part of the deceased's estate, not because the insurance company so directed, but because of the contract executed by the decedent and Springfield Laundry. The deceased died before retirement and his widow received proceeds as set out and designated in the contract. Again, the fact that an insurance company and an insurance contract are involved is not controlling. The important question here was, what will the widow receive from the contract between her husband and the Springfield Laundry Company?

We believe this is a beneficial interest, property, or a property right. It is this beneficial interest which our inheritance tax assesses. The tax is levied against the right of the widow to receive this beneficial interest or property right on the death of her husband and the tax is measured by the value of what is received.

Insurance, 30 Ohio Jurisprudence (2d), 315; *In re: Rothenbuecker*, 76 Ohio App., 425; *In re: Estate of Daniel*, 159 Ohio St., 109; *Tax Commissioner* v. *Paxson, Admr.*, 118 Ohio St., 36; *Tax Commission* v. *Lamprecht*, 107 Ohio St., 535.

A cursory examination of the Ohio Law on Trusts will disclose many ambiguities and imperfections. Difficulties have

been encountered which have presented cases to our courts involving the utmost complexities. However, generalizations and speculations concerning the interpretations of the intentions of deceased persons are dangerous and may lead to disastrous results. The Springfield Laundry Company, as the owner and sole beneficiary of the life insurance proceeds, had the right by law to use these proceeds. Nowhere, did the insurance company make a promise to the deceased's widow. Nowhere, is there a declaration, oral or written, by anyone, concerning a trust, even though the right and capacity to create a trust existed. Nowhere is there shown a clear intent or sufficient acts to construe a trust.

The failure on the part of the deceased to give these property rights out-right to his widow, and his failure to name his widow as beneficiary under the insurance policies, do not permit this whole sequence of events to be construed as a trust for the benefit of such donee. Rather, these acts by the deceased and corporation tend to disprove an intention to create a trust. The Springfield Laundry Company was under no duty to the deceased's widow, except to perform according to the terms of the contract executed with the deceased. Sufficient acts, in addition to a clear intention, must be stated or manifested by the parties before a trust is completed.

The questions involved in this case are in the main of statutory construction. Courts have frequently suggested that the legislative branch of government could limit and designate the exemptions from inheritance taxation as it determines. Our legislature has provided a succession tax on the right to receive property. The law seems clear as to what the legislature intended. Unfortunately for the widow in this case, the legislature has not exempted this type of succession from inheritance tax. Hence, it follows that the rights, property or beneficial interest which the widow received is subject to the provisions of the Ohio Inheritance Tax Law, under Section 5731.02, Revised Code.

Trusts, 40 Ohio Jurisprudence, 150; *Tax Commission* v. *Lamprecht*, 107 Ohio St., 535; 22 Ohio Jurisprudence, 409; *In re*: *Chadwick*, 167 Ohio St., 373.