James E. LUCKETT, Commissioner of Revenue, Appellant,

v.

FIRST NATIONAL LINCOLN BANK OF LOUISVILLE, Executor of the Will of Robert E. Adams, deceased, Appellee.

Court of Appeals of Kentucky.

Dec. 16, 1966.

Robert Matthews, Atty. Gen., William S. Riley, Asst. Atty. Gen., Larry A. Carver, Dept. of Revenue, Frankfort, for appellant.

J. H. Gold, Gene Sims, Louisville, for appellee.

CLAY, Commissioner.

The Commissioner of Revenue appeals from a judgment reversing an order of the Kentucky Tax Commission which increased an inheritance tax assessment against appellee approximately $6,000. The question involved is one of statutory interpretation.

Appellee is the executor of the will of Robert E. Adams, Sr., who died in 1960. Four years before his death he had entered into an irrevocable life insurance trust agreement with appellee as trustee, and assigned to it eleven insurance policies having a face value of about $104,000. Adams was the original named beneficiary in these policies but after the assignment the trustee was named as the beneficiary in eight of them, and it is not questioned that the proceeds of all the policies were payable (and were paid) to the trustee.

The trust instrument identified the beneficiaries as the then living children of the trustor, with certain contingent beneficiaries in the event no children were living when the insurance proceeds were collected by the trustee. At the time of his death the trustor was survived by three children, and of course they had a vested interest in these proceeds.

The controversy concerns principally the construction of KRS 140.030(2), which provides in part:

"The proceeds payable under any life insurance policy on the death of the assured * * *, payable to the assured or his estate, shall be taxable as a part of the legacy as a distributable share of the beneficiary. The proceeds of an insurance policy payable to a designated beneficiary other than the assured or his estate *or a trustee of a designated beneficiary* * * * shall be tax-free. * * *." (Emphasis added.)

The parties in their briefs have entered into an extended argument as to whether the above quoted subsection levies the tax on life insurance proceeds or whether such tax is levied by KRS 140.010 and KRS 140.030(1). KRS 140.010 is a general statute imposing inheritance taxes upon property transfers effected by death. KRS 140.030(1) relates to contractual obligations payable at or after death. The subsection above quoted is the only one which deals specifically with proceeds payable under life insurance policies. We think the issue here presented can be resolved by interpreting the quoted language and resort to the other statutes is unnecessary.

The first contention of appellant is that the proceeds of an insurance policy payable to a trustee are not tax-free unless the *policy* names the *designated beneficiaries* of the trust. This contention is based on the argument that if the proceeds payable to a trustee were exempt from taxation, there was no reason for the legislature to add the phrase, "of a designated beneficiary".

We believe it unnecessary to determine if the subsection under consideration is geared to insurance *policy* provisions or is more concerned with the ultimate disposition of the "proceeds payable", whether effected by naming the insurance beneficiary, or by assignment, or trust, or otherwise. See 28 Am.Jur., Inheritance, Estate and Gift Taxes, section 251 (p. 187); Wachovia Bank & Trust Co. v. Maxwell, 221 N.C. 528, 20 S.E.2d 840, 150 A.L.R. 1273.

There is another ground which forces the conclusion that the statute does not require the beneficiaries *of the trust* to be *named in the policy*. Let us requote the pertinent provision:

"The proceeds of an insurance policy payable to a designated beneficiary other than the assured or his estate or a trustee of a designated beneficiary * * * shall be tax-free."

At first blush this provision is meaningless, for the simple reason that the preceding sentence of the statute imposes an inheritance tax *only* upon proceeds "payable to the assured or his estate". That being the case, there is no tax upon proceeds payable to others. For some reason the legislature saw fit to re-emphasize this proposition by reciting that the proceeds "payable to a designated beneficiary other than the assured or his estate" should be tax-free. This is like imposing a tax on horses and then providing that cows are exempt from the horse tax. However, another phrase was added which apparently has some significance. The statute refers to proceeds payable to "a trustee of a designated beneficiary". To determine why these words were used, it is necessary to consider the pre-existing law relating to the exemption of insurance proceeds which are placed in trust.

The majority view is that where insurance proceeds are payable to a trustee of an inter vivos trust, the *trustee* is an "other" beneficiary, and the proceeds are not subject to tax. 73 A.L.R.2d 176. In 1928 the New Jersey Supreme Court created a con-troversy when it held the mere fact that the proceeds were payable to a trustee did not necessarily create the tax exemption, on the ground that the tax was imposed upon the transfer of the proceeds to the ultimate beneficiary, and it was the nature of the trust which determined the taxability of the transfer. Fagan v. Bugbee, 105 N.J.L. 85, 143 A. 807. That decision is said to have induced many state legislatures to expressly exempt insurance proceeds payable to trustees. 73 A.L.R.2d 177. The policy behind such an exemption is set forth in Re Killien's Estate, 178 Wash. 335, 35 P.2d 11.

The specific exemption of proceeds payable to a "trustee", however, led to another problem. Suppose the trustee is required to distribute the proceeds as directed by the will of the testator assured? Such a trust would constitute an indirect means by which the testator disposed of the proceeds at his death, and this was the type of death transfer the legislature intended to tax. See Re Myers' Estate, 309 Pa. 581, 164 A. 611; Re Kenin's Trust Estate, 343 Pa. 549, 23 A.2d 837; Re Rothenbuecher's Estate, 76 Ohio App. 425, 64 N.E.2d 680, 32 Ohio Ops. 174.

In order to avoid the problem just discussed, it is apparent that an adequate statute must somehow identify the nature of the trust which falls within the exempted category. Michigan and Pennsylvania statutes do this by requiring trust agreements which designate beneficiaries who acquire an interest thereunder. See 73 A.L.R.2d 205.

The purpose of the statute we are considering was to tax life insurance proceeds which actually pass *through* the assured's estate by reason of his death or by reason of his testamentary disposition. If some beneficial interest therein had been created in another, or others, prior to his death, the proceeds were not taxable. Had this statute done no more than exempt proceeds payable to a "trustee", anyone could avoid payment of inheritance taxes on in-

surance proceeds even though the trust terms permitted a testamentary disposition.[1] It is apparent the legislature was attempting to prevent this circumvention of the purpose of the law by further identifying the exempted trustee. Thus the addition of the words "of a designated beneficiary". While more certainty could have been achieved, we believe these words were used to insure that the proceeds payable to such trustee would be exempt from taxation only if the *trust* had a pre-testamentary *designated beneficiary* who was someone *other than the assured or his estate.*

■ This interpretation requires us to construe the words "other than the assured or his estate" as modifying the "designated beneficiary" of a *trust* as well as a "designated beneficiary" of a *policy*, and requires us to differentiate between a "designated beneficiary" of the *policy* and a "designated beneficiary" of the *trust*, but we can find no other means of rationalizing the language of this skeletal statute. It is, therefore, our conclusion that the statute does not require a recital of the trust beneficiaries in the insurance policies, but the purpose is accomplished if the trust arrangement sufficiently identifies them.

■ The other contention of appellant is that a *class* of persons entitled to the proceeds under a trust arrangement is not equatable with "designated beneficiaries". The bald argument is that one cannot *designate* a beneficiary unless his *name* is specified. We find nothing in the statute which would require or authorize such a hypertechnical construction of the words "designated beneficiary".

We must bear in mind that we are considering beneficiaries of a trust. It is common usage in the creation of trusts to designate them as a class. See Sandford's Adm'r v. Sandford, 230 Ky. 429, 20 S.W.2d 83. Members of the class are sufficiently designated if they may be reasonably identified. See 54 Am.Jur., Trusts, section 140 (p. 118). Surely the words "designated beneficiary" require no more than that the ultimate recipient of the insurance proceeds be ascertainable. As discussed above, the terminology was used to identify a beneficiary "other than the assured or his estate". No reason is apparent why it should have the restricted meaning which appellant ascribes to it.

■ We quote with approval these sound observations from the opinion of the Chancellor:

"Designation of a class, without more, would amply satisfy the requirement of "designated beneficiary", since "taxpayers", "heirs", "children", "descendants", and words of like import are proper objects of "designation", as customarily used and ordinarily understood. However, bearing in mind that the incidence of inheritance tax is upon transfer of property at death of the grantor or donor, (KRS 140.010) the class herein designated was fully determinable, and its members individually identifiable, simultaneously with the demise of (appellee's) decedent. It requires no strained construction, even if rules of strict construction be observed, to reach the conclusion that the Legislature intended, and clearly provided that these proceeds should be free from the tax sought to be imposed."

The judgment is affirmed.

---

1. Attention is called to KRS 391.075, enacted in 1966, which provides for testamentary dispositions in trust.