The KENTUCKY TRUST COMPANY, Executor, etc., Appellant,

v.

DEPARTMENT OF REVENUE, Commonwealth of Kentucky, Appellee.

Court of Appeals of Kentucky.

Dec. 15, 1967.

William B. Peden, Jones, Ewen, Mac-Kenzie & Peden, Louisville, for appellant.

Robert Matthews, Atty. Gen., William S. Riley, Asst. Atty. Gen., Cyril E. Shadowen, Frankfort, for appellee.

CLAY, Commissioner.

This is an appeal from a judgment affirming an order of the Kentucky Tax Commission imposing an inheritance tax on the proceeds of a life insurance policy held in trust subject to a power of appointment.

Frank Brandon, prior to his death in 1960, had entered into a life insurance trust agreement with appellant as trustee. It provided that the insurance proceeds should be divided into Trust A and Trust B. His widow was the income beneficiary of both trusts for life, with power in the trustee to encroach on the principal for her benefit, first from Trust A and then Trust B. Upon her death the corpus of Trust B should pass to her children, and the Department of Revenue concedes the insurance proceeds allocated to this trust were exempt from taxation, for reasons which will appear. However, because the widow, by the trust agreement, was given power to appoint by will the corpus of Trust A remaining at her death,[1] the Department contends the insurance proceeds in Trust A were taxable.

KRS 140.010 imposes an inheritance tax on all property "belonging to" inhabitants of this state "which shall pass" by will, or by the laws regulating intestate succession, or by deed, grant, bargain, sale or gift, made in contemplation of, or to take effect on death. It is arguable that this statute does not encompass life insurance proceeds, on the ground that such proceeds neither "belonged to" the deceased, nor did they "pass" from the deceased to the beneficiary by the described methods of transfer. See cases cited in 73 A.L.R.2d 171. However, we need not resolve that question.

KRS 140.030(2) deals specifically with proceeds payable under life insurance policies. It first provides that such proceeds "payable to the assured or his estate, shall be taxable * * *." To make it clear that proceeds otherwise payable are not taxable, this statute declares:

"The *proceeds* of an insurance policy *payable to* a designated beneficiary other

---

1. A commonly used provision to qualify for the "marital deduction" under the federal estate tax law.

than the assured or his estate or *a trustee* of a designated beneficiary other than the assured or his estate *shall be tax-free."* (Our emphasis)

In Luckett v. First National Lincoln Bank of Louisville, Ky., 409 S.W.2d 518, we examined the reasons why this language, seemingly superfluous, was incorporated in the statute.

It is not questioned that the insurance proceeds here involved were payable to ·a "trustee of a designated beneficiary other than the assured or his estate * * *". That should end the matter. This kind of property, by specific legislative direction, is not subject to the Kentucky inheritance tax.

The Commonwealth, however, will not give up so easily. It is contended that a species of property, other than insurance proceeds, passed to the widow under the trust agreement. What was this *other* property? Allegedly the power of appointment.

KRS 140.040(2) provides for the valuation of property which passes at the death of the donor under a power of appointment. Clearly this relates to taxable property. Insurance proceeds are not taxable under the specific provisions of KRS 140.030(2). To segregate the power of appointment from the property to which it relates seems to us an impossible task. Such power is simply one of the incidents of a beneficial right in the proceeds.

■ If these insurance proceeds had been payable to the widow outright, they would not be taxable. It would take rather clear statutory language to evince a legislative intent to tax those proceeds simply because she acquired a lesser beneficial interest. Regardless of the nature of the interest, the statute, KRS 140.030(2), provides that the proceeds shall be tax-free. As we said in Luckett v. First National Lincoln Bank of Louisville, Ky., 409 S.W.2d 518, 520:

"The purpose of the statute we are considering was to tax life insurance proceeds which actually pass *through* the assured's estate by reason of his death or by reason of his testamentary disposition. If *some beneficial interest therein had been created in another,* or others, prior to his death, the proceeds were not taxable." (Our emphasis)

■ The Department takes the position that since KRS 140.010 imposes a tax on "all" property, and KRS 140.040 governs "every transfer of property by means of a power of appointment", the general provisions take precedence over the specific. Of course, as a matter of statutory construction, it is the other way around. Morton v. Auburndale Realty Company, Ky., 340 S.W.2d 445.

■ The Tax Commission in its order concluded that the tax was on an "entity" other than the "proceeds". The Chancellor in his memorandum opinion expressed the view that the transfer of the power of appointment passed to the beneficiary a portion of the trustor's estate other than the insurance proceeds. These concepts overlook the fact that the power granted is simply a beneficial interest in the proceeds. It is not carved out of the estate of the deceased and has no significance or value apart from the property to which it attaches. The statute declares the insurance proceeds tax-free. We must accept this plain direction.

The argument is made by the Department that this interpretation of the law would exempt two successive estates, since the residue of the property which would pass, if the power was exercised, would not be taxable. That question is not here involved and is not decided.

It is unnecessary for us to consider the additional contention of the taxpayer that KRS 140.030 (which declares insurance proceeds nontaxable) should prevail over KRS 140.040 (relating to powers of appointment) because the former was a later

statute. Nor is it necessary to construe the term "exemption" in KRS 140.040(2), or to seek an interpretation most favorable to the taxpayer. We simply cannot hurdle the statutory language declaring tax-free the insurance proceeds payable to the trustee and allocable to Trust A.

The judgment is reversed.

All concur.